PACE *v.* CRANDELL.

Opinion delivered March 11, 1905.

74      417
86      315

1. EJECTMENT—DENIAL OF PLAINTIFF'S OWNERSHIP.—A general denial of plaintiff's ownership of land sued for in ejectment, where the complaint specifically sets forth plaintiff's title, raises no issue, and defendant's exceptions to plaintiff's muniments of title in such case will not be considered. (Page 419.)

2. SAME—ALLEGATION OF POSSESSION—SUFFICIENCY.—An allegation in a complaint in ejectment that one through whom plaintiff deraigned title died seized and possessed of the land is not a statement of a legal conclusion, and is traversable. (Page 419.)

3. SAME—EXHIBITS—EXCEPTIONS.—As a copy of an addition to a town is neither a deed nor a written evidence of title, within Kirby's Digest, § 7242, it is not a subject of exception, under section 2743, though improperly filed as an exhibit to a complaint in ejectment. (Page 420.)

4. APPEAL—HARMLESS ERROR.—The improper admission of evidence was not prejudicial if the fact it tended to prove was otherwise amply established. (Page 420.)

Appeal from Boone Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Affirmed.

*Pace & Pace* and *John B. Jones,* for appellants.

The description of the land as advertised was sufficient. Cooley, Tax. 405; 23 Kan. 448; 33 Cal. 150; 51 Texas, 390.

*G. J. Crump,* for appellee.

Allegations in a pleading which are not denied will be taken as true. 41 Ark. 17; 46 Ark. 132; 50 Ark. 562; 73 Ark. 344; 62 Ark. 51. Defendants' exceptions to exhibits were properly overruled. 63 Mo. 96; 82 Mo. 450; 56 Miss. 104; 44 Cal. 132; 94 N. Y. 232; 60 Ark. 489; 40 Ark. 237.

*Pace & Pace* and *John B. Jones,* for appellants in reply.

The complaint stated no allegation of fact that should have been denied. Bliss, Code Pl. § 212; 4 Met. (Ky.) 326; 2 Duer, 670; 44 Ind. 223.

HILL, C. J. Crandell brought ejectment against Pace and Winfield, stating that they were in possession of the land sued for, claiming to be the owners under a pretended purchase from the State for taxes alleged to be due thereon, and their possession was without right, and their purchase from the State a cloud on his title. He deraigned title as follows: That Henry W. Fick died seized and possessed of the northwest quarter of the northwest quarter, section 10, township 18 north, range 20 west. That Fick died testate, leaving said land to his minor daughter, Josie Fick. That, through appropriate orders of the probate court, said land was sold, and purchased by, and conveyed to, the North Arkansas Fair Association, a corporation. That the Fair Association platted an addition to the town of Harrison from part of said tract, known as the Fair Ground Addition to said town. That in said plat there were no blocks three and four, but some unauthorized plat was made showing such blocks. That he purchased a tract of land from the Fair Grounds Association, and it conveyed to him the land purchased under the description of blocks three and four, when it was intended to convey him a tract which is described by metes and bounds in the complaint, which is alleged to be identical with said blocks on the unauthorized plat.

The complaint called for the will of Fick as exhibit 1; the guardian's deed to the Fair Association as exhibit 2; the authorized plat (showing no blocks 3 and 4 in the addition) as exhibit

3; and the deed from the Fair Association to plaintiff as exhibit 4. The defendants (appellants here) filed exceptions to exhibits 3 and 4, and the court overruled them, and the only errors assigned on this appeal are for overruling said exceptions and in rendering judgment against the defendants. Therefore it will not be necessary to notice other issues presented by the defendants, to sustain which no evidence was offered. The only evidence offered was said exhibits 3 and 4 and the testimony of plaintiff Crandell, who testified: That exhibit 3 was the plat of the addition, and he had noted thereon the various lots sold, and to whom and for what amount at the time of the sale of the lots in the addition. There was another plat got up by Garvin & Duncan, and upon that plat the land in controversy was described as blocks 3 and 4. Garvin wrote the deed to him which, according to his understanding, conveyed all the outlying land in northwest quarter northwest quarter that had not been surveyed prior to that time. This included the land he purchased, and it is the land which was intended to be conveyed, and which is described in the complaint by metes and bounds, and which is blocks 3 and 4 on Garvin's map. In this testimony the court gave judgment for Crandell for the land sued for.

1. The first point presented is that the plaintiff failed to prove that Fick was ever in possession, and failed to prove title from Fick to the association, as set out in the complaint. While the muniments of title are described in the complaint, and called for as exhibits 1 and 2, they are not attached to the complaint, and were not introduced in evidence.

The answer did not deny that Fick died seized and possessed of the land and the mesne conveyances to the Fair Association, unless this be taken as a denial: "and said defendants deny that plaintiff now has or ever had title to said lands." This court recently considered such a denial and the practice of excepting to the muniments of title to prove an undenied title, and held that such general denials as the one here amounted to nothing. *Harvey* v. *Douglass,* 73 Ark. 221; *Haggart* v. *Ranney,* 73 Ark. 344.

The appellants assert that the allegation that Fick died seized and possessed of the land was a legal conclusion, and not a traversable allegation. They cite Bliss on Code Plead., § 212,

and authorities there found, to sustain them, but the legal conclusions there discussed are different from this allegation.   Possession is a fact, and not necessarily a legal conclusion.   If issue had been taken on this allegation, it would be good after verdict and good against attack except by motion.   Bliss, Code Plead., § 334. Instead of taking issue on Fick's seizin and possession and the conveyances under him, the appellants merely denied that plaintiff Crandell had title, which, as stated, amounts to nothing, and left uncontroverted the allegations of seizin, possession and the conveyances to the Fair Association.

2.   The exception to the deed from the Fair Association to Crandell was because it contained no such description of land as that sought to be recovered by the complaint.   This exception is without merit.   The complaint alleged that it conveyed the land as blocks 3 and 4, when it intended to convey it as described in the complaint, and that the blocks 3 and 4 were identical with the description in the complaint of the land sought to be recovered.   The appellants in their answer do not deny these allegations, but except to the introduction of the deed in evidence, alleging its inconsistency with the claim of title to other land than therein described, and seek to invoke an estoppel against the plaintiff.   There was no inconsistency at all in the position.   It was merely that his deed described a certain tract of land by blocks when the plat so describing the land was not an authorized one, and the true description should be by metes and bounds, which it alleged was identically the property otherwise described in the deed.   On the trial the appellant proved this allegation, and that proof was necessary in order to entitle him to recover under the complaint.

3.   Exception was taken to the plat of the addition, which was exhibit 3.   This plat had no place in the complaint or as an exhibit thereto.   It was not a deed or written evidence of title which are to be exhibits to ejectment complaints. Kirby's Dig. § 2742.   Having no place in the complaint, it was not a subject of exception, under section 2743, Kirby's Digest.   The ruling of the court on this extraneous issue could not be prejudicial to either side.   The plat was introduced in evidence, and was not of itself admissible, but it was proper for Crandell to explain therefrom the true description of the land, and what was intended to

be conveyed in his deed, and for that purpose it was used. Crandell's testimony, without it, is amply sufficient to sustain the judgment, and it could not have been a matter of prejudice in pleading or evidence.

Affirmed.