## COWLEY v. THOMPSON.

### Opinion delivered December 2, 1905.

1.  HOMESTEAD—RIGHT OF MINOR CHILD TO SELECT.—Proof that a deceased father in his lifetime verbally contracted to sell part of his land, without proof of part performance, is insufficient to debar his minor children from claiming a right of homestead therein, he being the owner of the land at his death, and the land being contiguous to his dwelling.   (Page 188.)

2.  SAME.—Where a father died without having selected his homestead out of the body of land owned by him contiguous to his dwelling, the right to make a selection was cast upon his minor children.   (Page 189.)

3.  SAME—REDEMPTION BY MINOR.—A minor child is entitled to redeem from tax sale the entire estate in so much of his father's land as he is entitled to select as a homestead.   (Page 189.)

4.  SAME—MINOR CHILDREN CLAIMING TWO HOMESTEADS.—Where the minor children of a decedent, entitled to select a homestead, brought suit against appellee to redeem from a tax sale the tract of land upon which decedent's dwelling was situated and another of two contig-

uous tracts owned by him, comprising 156 acres, claiming the whole as their homestead, and on the same day brought another suit against another party to redeem the tract of land upon which the dwelling was situated and the other contiguous tract, comprising 160 acres, claiming the latter tracts as a homestead, either the two suits should have been consolidated and the claimants compelled to elect which of the two contiguous tracts they would redeem by virtue of the homestead right, or the court should have ordered the defendant in the one case to be made defendant in the other. (Page 189.)

Appeal from Faulkner Chancery Court; THOMAS B. MARTIN, Chancellor; reversed.

### STATEMENT BY THE COURT.

Appellants, Mattie B. and J. C. Cowley, allege in their complaint that they are the children of J. O. Cowley. That he owned northwest quarter section 31, township 8 north, range 11 west, in Faulkner County, Arkansas, and an adjoining tract on which he resided as a homestead at the time of his death in 1887. That after his death said northwest quarter section 31 was forfeited to the State for taxes, and donated to defendant, M. A. Thompson, by deed dated 1901. That they were minors at the date of forfeiture, and were 17 and 19 years old at time of bringing this suit. They ask to be allowed to claim sixty acres in southeast corner as part of their homestead, and to redeem said sixty acres in full, and a half interest in the remainder of said lands. That J. O. Cowley left two other children, H. A. and R. E. Cowley, now barred by the statute of limitation. They ask $40 a year rents from defendant.

Appellee in his answer denies all the material allegations of the complaint, and sets up a claim for $269.75 for improvements and taxes.

The court decreed that plaintiffs, Mattie B. and J. C. Cowley, were children of J. O. Cowley. That J. O. Cowley owned the land in controversy at the time of his death, but not as a homestead. That plaintiffs, Mattie B. and J. C. Cowley, should recover half interest in the land as minors. That this half interest be charged with a lien for $125 excess of improvements and taxes over rents, and that they pay half the costs.

The land on which Cowley lived at the time of his death, and the land in controversy in this suit, is in the following shape:

Sec. 31, Tp. 8. N, R. 11 West

The 96 acres on the plat is the tract on which the dwelling house is situated, its exact location being designated by a star. The 85 acres and the 60 acres, total 145 acres, marked on plat, is the land in controversy.    It was in proof that the 96 acres where the home was, and the 145 acres in suit, were occupied and cultivated by the father of appellants as a farm.    It was also in proof that one Allen Wilson was in possession of the land at the time of Cowley's death.    He had made a verbal contract to purchase the land, but it is not shown that he took possession under this contract, or that he had paid any of the purchase money. On the contrary, it appears that at Cowley's death possession of the land was taken by the administrator.    Wilson testified that "he lived on the land, and had a verbal contract to buy it in the fall, but Cowley died before the time came, and he let the place go back and paid rent to the administrator."    The 96 acres and 60 acres claimed as homestead did not exceed in value $2,500.    There was no tender of taxes, or of the amount expended for improvements, before instituting this suit.    The lands were forfeited for the taxes of 1892.

*J. C. Clark,* for appellants.

*J. T. Harper* and *Sam Frauenthal,* for appellee.

WOOD, J., (after stating the facts.)    The proof was not sufficient to show a sale of the land in controversy by the father

of appellants. At the time of his death he was the owner, and the land was contiguous to that upon which he resided and made his home. *Clements* v. *Crawford County Bank,* 64 Ark. 7. He had the right, at the time of his death, to claim enough of the land in controversy, contiguous to that upon which his dwelling was located, to make in all 160 acres, provided the number of acres thus selected did not exceed in value $2,500.

When he died, not having made the selection, the right, by the Constitution, was cast upon his minor children. *Cowley* v. *Spradlin, post,* p. 190. This case is ruled by that.

The court erred in not permitting appellants to redeem the entire estate in a portion of the lands in controversy under the homestead right. The court also erred in the decree as to rents, improvements and taxes.

Inasmuch as the cause must be reversed and remanded for further proceedings, it is proper to say that the record in the case of *Cowley* v. *Spradlin, post,* p. 190, and this record, taken together, disclose the fact that appellants are seeking to redeem in each case from separate owners sixty acres of land as homestead, which, if they should recover, would give them more than the Constitution allows. It appears that the two separate suits were brought on the same day, and service was had on the two several defendants on the same day and at the same time, for aught the record shows to the contrary. It does not appear that the cases were ever consolidated in the court below, but they were doubtless considered by the court together, and they have been so presented and considered here. The court below should have required appellants to elect as to which one of the two contiguous tracts they would seek to redeem by virtue of their homestead right, as it was obvious from the records which the court had before it that they were not entitled to redeem both the tracts at the same time. Either this, or the court should have ordered the defendant in one case to be made a party defendant in the other, for each of the defendants was interested in the suit against the other in the matter of the selection of the sixty acres to be redeemed under the right of homestead. Counsel for appellants in each case has suggested in his brief that it will be immaterial

to appellants whether the right to redeem be confined to the 64 acres owned by Spradlin, or that owned by Thompson, or whether the 64 acres for redemption be selected by taking 32 acres from each of them.

We agree with counsel for appellants that the latter course seems more equitable.

For the errors indicated, the decree will be reversed, and the cause remanded for further proceedings according to the principles and rules of equity, and not inconsistent with this opinion.