## WADE *v.* GOZA.

### Opinion delivered February 17, 1906.

1. EQUITY—WHEN TRANSFER TO LAW PROPER.—Where the pleadings and evidence show that the defendant in a suit in equity to quiet title to land is in actual possession, it is proper, on motion of the plaintiff, to transfer the cause to the law court. (Page 12.)

2. ANSWER—DENIAL OF INFORMATION—SUFFICIENCY.—An answer which, in response to a certain allegation of the complaint, states that defendant "is not advised" that such allegation is true, and "has no information" as to its truth, is insufficient to put such allegation in issue. *Haggart* v. *Ranney,* 73 Ark. 344, followed. (Page 12.)

3. INCOMPETENT EVIDENCE—UNCONTROVERTED FACT.—The admission of incompetent evidence to prove a fact alleged by the complaint and not denied by the answer is not prejudicial. (Page 13.)

4. SECONDARY EVIDENCE—PREJUDICE.—The admission of secondary evidence without accounting for the failure to produce the best evidence is not error where it is not objected to, and no motion was made to exclude it. (Page 13.)

5. APPEAL—GENERAL OBJECTION TO SEVERAL INSTRUCTIONS.—A general objection to a series of instructions in mass is insufficient if any one of them is correct. (Page 13.)

6. CROSS-APPEAL—QUESTIONS RAISED.—A cross-appeal brings up only questions decided in favor of appellant or any co-appellee against the appellee praying the cross-appeal. (Page 14.)

7. BANKRUPTCY—REVERSION OF SURPLUS.—Where an assignee in bankruptcy for any reason failed to dispose of certain land belonging to an adjudged bankrupt, such land, after the bankruptcy proceeding had terminated, reverted to the bankrupt. (Page 15.)

8. LIMITATION AS TO TAX TITLE—RUNNING OF STATUTE.—The two years statute of limitation applicable to possession under tax titles (Kirby's Digest, § 5061) is reckoned from the date of the tax deed, where the tax purchaser was then in possession claiming under it, till the beginning of the suit against him for possession. (Page 15.)

Appeal from Chicot Circuit Court; *Zachariah T. Wood,* Judge; reversed.

On May 13, 1901, James M. Goza and Lizzie F. Kimberlin filed a complaint in the Chicot Chancery Court against J. W. Wade (and certain other parties who have not appealed), setting up, in substance, that plaintiffs were sole heirs at law and devisees under the will of Aaron Goza, who died seized and possessed of the south half of south half of section 6, township 18 south, range 1 west; that on an unnamed date the south half of the southeast quarter was patented to Hoggart Clopton, and that on the 20th day of January, 1855, the south half of the southwest quarter was patented to John A. Craig by the State, and that the same had been granted to the State as swamp and overflowed land, and that Aaron Goza held by mesne conveyances from said patentees. That according to their best information defendants "claim title to said lands under divers tax sales, deeds and conveyances, which plaintiffs allege are void and vest no title in said defendants," and prayed that "plaintiffs' title to said land be quieted and confirmed." They made no offer to refund any taxes paid or improvements made, nor filed any affidavit of tender, nor did they ask for possession of the land.

Defendant answered, in substance, that he had no information that the land had been granted to the State as swamp and overflowed land, or that the State had patented south half of southeast quarter of section 6 to Hoggart Clopton, or south half of southwest quarter to John A. Craig, as no such grant or patents were of record, and he moved that the alleged patents be filed with the complaint. He denied that plaintiffs were heirs or devisees under the will of Aaron Goza; set up the new matter that Aaron Goza was adjudged a bankrupt on April 17, 1868, by the United States District Court, and that the register of said court, with full power, conveyed all the property owned by Goza to Thomas H. B. Lawrence, as assignee. He alleged that said lands became subject to taxation, and were sold for the nonpayment of taxes due thereon, and that the State became the purchaser. That the Commissioner of State Lands conveyed the said land to him, and that he took possession more than two years

before the institution of this suit, and has continuously held such possession adversely. to all persons, and was, at filing of the answer, in possession; that he had spent in taxes and improvements the sum of twenty-five hundred dollars, for which he prayed if title should fail; and demurred to complaint on the ground that it did not state a cause of action.

On September 3, 1902, he filed amendment to his answer, in substance, that plaintiffs were guilty of gross laches in asserting title; that they more than thirty-five years ago abandoned the lands, and made no claim thereto until the institution of the suit; that they had paid no taxes for thirty-five years, and all the time defendant and his grantor had been paying taxes and claiming title, and asked that the suit be dismissed for want of equity.

On September 10, plaintiffs filed a motion to transfer this cause to circuit court.

On September 10, 1902, defendant further amended his answer as follows: "Comes the defendant to this suit, and states that he has in good faith paid for and improved the lands on which he resides, involved herein, believing himself to have a good and sufficient title thereto, and he prays this court that the conveyances under which plaintiffs hold their alleged title to these lands be forever barred by this court and canceled, and plaintiffs be enjoined from asserting any rights to the lands involved herein under their said alleged title by reason of their laches, or from using the said deeds as evidence in any action affecting the title to said lands wherein these defendant are concerned; that defendant's titles be forever quieted; and defendant further prays that the motion filed herein to transfer this cause to the circuit court be denied."

Plaintiffs, over defendant's objection, introduced a certificate of J. W. Colquitt, Commissioner of State Lands, to prove that the land was entered by Craig and Clopton, without accounting for the failure to produce the original deeds.

It was proved that defendant was in possession of the land. Plaintiffs moved the court to transfer the cause to the circuit court, which was done, over defendant's objection.

It was proved that plaintiffs' ancestor, Aaron Goza, was in 1869 decreed a bankrupt, and all of his property ordered sold. There was evidence that defendant had made certain improve-

ments and paid some taxes. Certain instructions, which need not be set out, were given at the instance of plaintiffs.

Defendant asked the court to give the following instruction, which was refused, viz.:

"2. The jury are instructed that if the ancestor of plaintiffs was by the District Court of the United States on the 17th day of April, 1868, declared a bankrupt, and a referee appointed, and the property of said Aaron Goza placed in the hands of an assignee by a valid conveyance from said referee, it divested said Aaron Goza of all legal and equitable title in any property that he might own within the jurisdiction of the United States, and before plaintiffs can sustain this action they must show a valid conveyance out of the said assignee in bankruptcy to some one under whom they claim." The court refused to give the instruction as asked, but modified it by adding at the end of the instruction the following clause, "or that the lands were not disposed of by the referee in the administration of said bankrupt's estate."

Defendant asked the court to give the following instruction, which was refused, viz.: "4. The jury are instructed that, even though your verdict should be for the plaintiffs, you can not assess damages for rents, or offset such damages against any amount that shall be found for defendants for their taxes, purchase money, improvements and interest."

The court also refused defendant's request to give the following:

"6. The jury are further instructed that in computing the two years you will take the time evidenced by the deeds respectively of the defendants where the proof shows that they were in possession at the date of their deeds to the present time, and not merely to the institution of this suit," etc.

In lieu of instruction 6 asked, the court gave the following:

"6. The jury are instructed further that in computing the two years you will take the time evidenced by the deeds respectively of the defendants where the proof shows that they were in possession at the date of their deeds to the filing of this suit," etc.

Defendant filed his motion for a new trial, setting up as errors:

1. That the chancery court erred in overruling answer and

motion to dismiss the suit for laches, abandonment and want of equity.

2. That it erred in transferring the cause to the circuit court over the prayer of appellant against the transfer.

3. That it erred in admitting, over exceptions of appellant, the certificate of sale by the Land Commissioner of the State to John A. Craig and Hoggart Clopton, without proof that the land had been confirmed to the State as swamp and overflowed land by the United States.

4. That the court erred in giving the following instructions for appellees over objection of this appellant numbered 3, 5, 7, 8 and 10.

5. That the court erred in refusing to give instructions numbered 4 and 5 asked by appellant.

6. That it erred in refusing to give instructions numbered 2 and 6 as asked by appellant and in modifying them.

The motion for new trial was overruled, and defendant appealed.

*Baldy Vinson,* for appellant.

The demurrer should have been sustained. If the sale for taxes and deed thereunder are void, it is because of some fact which must be pleaded and proved to enable the court to set them aside, if the object is to remove them as a cloud on the title. 38 Cal. 679; 4 Ohio Cir. Ct. 499; 9 Ore. 89; 22 Fed. 865; 27 Ark. 414; 22 Atl. 286; 46 Ark. 96. Under appellant's amended answer, showing his possession of the land under a deed valid on its face, long payment of taxes, abandonment of the land by appellees, and valuable improvements made by appellant, the chancery court should have retained jurisdiction to grant the relief prayed for and quiet the title. Sand. & H. Dig. § 5761; 56 Ark. 79; 24 Tex. 417; 61 Tex. 514; 2 Wash. 106; 11 Ill. 558; 5 Watts & S. (Pa.), 359; 16 Pa. St. 305. Recitals of the assignee in bankruptcy that no title remained in the bankrupt are taken as *prima facie* true, and can not be collaterally impeached. Bankrupt Act 1867, sec. 38; 10 N. B. R. 305; 21 Vt. 409; 5 N. B. R. 152. The certificate of the State Land Commissioner was incompetent without proof of title in the State from the United States.

47 Ark. 297. The court erred in refusing instructions 4 and 5. There was no offer to refund taxes and improvements, and the statute only authorizes judgment for possession, which was not prayed for. Sand. & H. Dig. § 2597; 65 Ark. 305; 52 Ark. 132. Not being a possessory action, it was error to refuse instruction 6 and give it as modified. 24 Ark. 519; 61 Ark. 456. A plaintiff can not recover upon a case not made by his bill. 46 Ark. 96.

*B. F. Merritt,* for appellees.

The statute confers power to place the successful party in possession, whether the cause be tried in the law or chancery court. Kirby's Digest, § 6518; 57 Ark. 594. Under the issues as made up and the proof, it was mandatory on the court to transfer to the law court. Digest, *supra.*

Upon discharge of plaintiff's ancestor in bankruptcy without sale or application of the lands, title revested in the ancestor and descended to plaintiffs. 40 Ark. 366. The two years' statute of limitation does not apply in this case. The sale under overdue tax proceedings was void. 63 Ark. 1; 71 Ark. 310. None but the seven years' statute of limitation could apply in any event, and in this the proof fails. Certificate of donation would not give color of title so as to put the statute in motion. Kirby's Digest, § 5056; 42 Ark. 305; 83 S. W. 947; 47 Ark. 528; 67 Ark. 184; 1 Am. & Eng. Enc. Law (2 Ed.), 846.

WOOD, J. 1. The issue, as made by the complaint and answer and the proof that had been taken at the time the motion to transfer to the law court was made, presented a cause for the law court. Moreover, appellant did not except to the ruling of the court transferring the cause to the law court; and, as this court had jurisdiction under the issues presented, no error is shown in this respect.

The answer and proof showed, when the motion to transfer was passed on, that appellant was in possession of the lands in suit. Appellant did not insist on the demurrer nor motion to dismiss in the court below. He answered and went to trial on the merits, and he can not complain here. There is no error presented in the first and second grounds of the motion for new trial.

2. The complaint with sufficient definiteness set up that the

land in controversy "had been granted to the State of Arkansas by the United States as swamp and overflowed lands." A duplicate of the patents is proffered with the complaint, and filed as exhibits D and E. The answer in response to these allegations says that defendant is "not advised that they (the lands) were granted to the State as swamp and overflowed lands," and that defendant has no information "that the lands were patented to the State as swamp and overflowed lands." This presented no denial of the allegations of the complaint that these lands were duly granted to the State by the United States Government as swamp and overflowed lands. *Haggart* v. *Ranney,* 73 Ark. 344.

3. The third ground of the motion for new trial assigns as error the admission of the certificate of the State Land Commissioner of the sale by the State to Craig and Clopton of the land in controversy, without proof that the land had been confirmed to the State by the United States as swamp and overflowed land. The allegations of the complaint as to this, being sufficient and not denied, must be taken as true, and there was no error presented by this assignment:

True, appellant called for the patents to Craig and Clopton in the answer, but he went to trial without insisting upon a ruling on his motion to produce them; and when the certificate of the Land Commissioner was offered as evidence, appellant did not object to same, nor move afterwards to exclude it on the ground that it was not the best evidence, and not competent as secondary evidence until the proper foundation had been laid for its introduction by a showing that the patents to Craig and Clopton were lost, destroyed, or otherwise beyond the power of appellees to produce them. It thus appears that appellant in the court below did not avail himself of the rule applicable in such cases as declared by this court in *Driver* v. *Evans,* 47 Ark. 297; *Boynton* v. *Ashabranner,* 75 Ark. 415, and *Carpenter* v. *Dressler,* 76 Ark. 400.

4. Nothing is presented for our consideration in the fourth ground of the motion for new trial, which is as follows: "That the court erred in giving the following instructions for appellees, over objections of this appellant, numbered 3, 5, 7, 8 and 10." The bill of exceptions recites that "the court gave, over the objections of defendant, the following instructions, "setting them out and numbering them consecutively 3, 5. 7, 8 and 10." The

objection to the instructions given was in gross, and at least one of the instructions was correct.

5. ˙ The fifth ground of the motion for new trial is "that the court erred in refusing to give instructions numbered 4 and 5 asked by appellant." Number 5 is as follows: "5. The jury are instructed that under no circumstances presented in this case can they find a verdict for plaintiffs for possession of the land involved in this suit." Request for instruction number 5 should have been granted. It appeared that appellant Wade was in possession of the land claimed by him under a donation deed good on its face, based on a sale of forfeited lands to the State October 25, 1882. It is contended by appellees that this sale was void for the reason that the decree of the Chicot Chancery Court, rendered at an adjourned term thereof beginning on the 25th day of September, 1882, ordering the lands re-assessed and sold was void. But this contention is not established by the proof. We have searched the records in vain to find when this land was forfeited, and how it was sold. If sold under a decree of the Chicot Chancery Court, at an adjourned term beginning September 25, 1882, which was void because rendered by a special judge when the regular judge of the circuit was at the same time holding court elsewhere, the record nowhere shows it. True, we find among the papers what purports to be an original bill of exceptions in the case of James M. Goza *et al. v.* H. S. Caldwell *et al.,* pending in the Chicot Circuit Court, in which it appears that James M. Goza *et al.,* the plaintiffs, appealed from a judgment in favor of certain defendants in that suit, towit:˙ Asbury Moses, Jane Jones, S. B. Brown, James Brown and Henry Love, and that the bill of exceptions sets forth the decree of the Chicot Chancery Court at the adjourned term beginning September 25, 1882, which appellee contends renders the sale and donation deed under which appellant claims title herein void. But that bill of exceptions, even if it disclosed what appellee claims for it, was never embodied in the transcript of this record.

The appeal by appellees here against the parties named in that bill of exceptions, and in whose favor judgment was rendered in the court below, was never perfected by the filing of the transcript in this court, as the law requires. Appellees prayed a cross-appeal in this case December 9, 1905. But this cross-appeal only

brings up questions decided in favor of appellant or any co-appellee against the appellee praying cross-appeal. Section 1225, Kirby's Digest. And we can only look to the transcript of the record in this court to determine what those questions are. Now, the parties who were joined with Wade as defendants in the court below, and in whose favor judgment was rendered, have not appealed, and Wade's appeal brings up no question against them. They are not co-appellees with the appellees, Goza and Kimberlin. They are therefore not parties to this record. So we find nothing in this record to impeach the donation deed of Wade. The court erred, therefore, in not granting appellant's request for instruction number five.

6. The giving of this would have rendered the granting of requests asked by him unnecessary. But, in view of a new trial in which the same questions may be raised, it is proper to say that we find no error in the refusal of the court to grant appellant's requests for instructions two and six.

The court properly submitted the questions embraced in these instructions in those numbered two and six which were given. It was a question for the jury, under the evidence, as to whether or not the title to the land in controversy had passed out of Aaron Goza by the proceedings in bankruptcy. If the lands for any reason were not disposed of by the referee in bankruptcy, such title as Goza had at the beginning of such proceedings reverted to him upon their termination. "Where a surplus remains in the hands of the assignee or trustee, after the proceeding has terminated, and the debts proved, if any, have all been paid, such surplus reverts to the bankrupt." In equity he would be the owner of such real estate as might remain, even if a decree were necessary to revest title in him. 16 Am. & Eng. Enc. Law, 699, 700, notes. The court did not err in adding the clause, "or that the lands were not disposed of by the referee in the administration of the bankrupt's estate," to appellant's request for instruction two, and giving it as thus modified.

Likewise, the court properly modified appellant's request for instruction number six by making it show that the statute of limitations would be reckoned from the date of the deeds, where the parties were then in possession claiming under them, till the beginning of the suit against them for possession. If they had not

acquired title under their donation deed by the two years' statute of limitations prior to the institution of the suit for possession, they could not acquire it after that time, and while such suits were pending. Of request numbered four by appellant and refused, it suffices to say that it is impossible to forecast what would be a proper instruction upon the question of taxes, interest, improvements and rents. For we can not anticipate what the proof on another trial may develop as to those. But nearly all questions that can arise concerning these matters have already been passed upon by this court in some recent cases. See *Bender* v. *Bean,* 52 Ark. 132; *McGann* v. *Smith,* 65 Ark. 305; *Cowley* v. *Spradlin,* 77 Ark. 190; *Cowley* v. *Thompson,* 77 Ark. 186.

For the error of the court in refusing to grant request of appellant for instruction number five, the judgment is reversed, and the cause is remanded for new trial.