BYRNE *v.* LESS.

Opinion delivered November 8, 1909.

1. TAXATION—WEEKLY PUBLICATION OF DELINQUENT LIST.—The requirement in Kirby's Digest,. § 7085, that the list of lands delinquent for taxes shall be published "weekly for two weeks between the second Monday in May and the second Monday in June in each year," is not met by publishing the list twice in a weekly newspaper, but two weeks apart, between the second Monday in May and the second Monday in June. (Page 212.)

2. SAME—INSUFFICIENCY OF NOTICE.—Failure of the clerk to publish the delinquent tax list for two weeks in succession as required by Kirby's Digest, § 7085, rendered the tax sale void. (Page 213.)

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*L. A. Byrne, pro se.*

The presumption is in favor of the validity of a tax deed. Kirby's Dig., § § 7104-5; 81 Ark. 319; 30 Ark. 732; 59 Ark. 195.

*James D. Head,* for appellees.

Property to be sold for taxes must be properly described in the notice of sale. 25 L. Ed. (U. S.) 327; 59 Ark. 460; 69 Ark. 358; 56 Ark. 172; 50 Ark. 484; 79 Ark. 442; 64 Ark. 432; 62 Ark. 189. And defects therein cannot be cured by any communication made to the bidders on the day of sale. 7 L. Ed. (U. S.) 882. The failure of the clerk to attach his certificate is fatal to the sale. 68 Ark. 248; 74 Ark. 583; 61 Ark. 36; 81 Ark. 296. It cannot be placed there after the sale. 65 Ark. 595. The findings of a chancellor as to the facts will not be disturbed. 71 Ark. 605; 68 Ark. 314; *Id.* 134; 72 Ark. 67; 75 Ark. 52; 77 Ark. 305. The delinquent list was not published as required by law. Kirby's Dig., § 7085; 55 Ark. 192; 15 Ark. 363; 30 Ark. 739.

BATTLE, J. L. A. Byrne brought this action against Gus Less and another in the Miller Circuit Court to recover a certain tract of land. He bases his right to recover upon a purchase at a sale of the land on the 13th day of June, 1904, for the taxes of 1903. Less denied his right to recover, alleging that the sale was void for several reasons, one of which was the notice of the sale was not given in the manner prescribed by law. No-

tice was given by a publication of the lands returned delinquent, of which the land in controversy was a part, "in the *Weekly Texarkanian,* a weekly newspaper published in Miller County, for two weeks between the second Monday in May and the second Monday in June, 1904, the first insertion being dated May 11, 1904, and the second insertion being dated May 25, 1904," thirteen days intervening between the dates of the two insertions. Was the notice in compliance with the statute?

The statute provides that the delinquent list shall be published "weekly for two weeks between the second Monday in May and the second Monday in June in each year." Kirby's Digest, § 7085. "Weekly for two weeks" means two weeks in succession; for the two weeks it must be weekly. It would not have been weekly if a month had intervened between the two insertions. A newspaper published every two weeks would not be a weekly but a bi-weekly. In this case the publication was bi-weekly, and was not in compliance with the statute. Did the failure to comply with the statute render the sale void?

Judge Cooley, in his work on Taxation, says: "The first proceeding usually required of the officer who is to make sale is, that he shall give public notice of his intention to do so. Under different statutes notices in various forms are required, as may be thought most suitable to the case. * * * Whatever the provision is, it must be complied with strictly. This is one of the most important of all the safeguards that have been deemed necessary to protect the interests of persons taxed, and nothing can be substituted for it or excuse the failure to give it. The notice being a prerequisite to the officer's authority, the fact that in the particular case it can be shown that the party concerned was fully aware of the proceedings will be of no avail in supporting them. He is under no obligation to take notice of the proceedings unless notified." 2 Cooley on Taxation (3 Ed.), pages 928-930. To the same effect see Black on Tax Titles, § § 82, 84, and Blackwell on Tax Titles, § 215.

In *Townsend* v. *Martin,* 55 Ark. 192, this court said: "The notice for the sale upon which the forfeiture to the State is based was not published for the full time prescribed by the statute by three days. It is conceded that that fact is established by the record. The previous decisions of this court upon the subject

of tax titles are uniform to the effect that failure on the part of an officer engaged in the proceedings devised for raising the revenue to observe a requirement of the statute, the non-observance of which tends to deprive the land owner of a substantial right, will avoid the deed. * * * The failure, therefore, to give notice in the manner or for the length of time prescribed by statute is prejudicial to the owner's interest and will avoid the sale."

In this case the notice required by the statute was not given. The owner of the land was not legally notified, and the sale is void.

There are other questions in the case which we have considered, but it is unnecessary to notice them in this opinion.

Judgment affirmed.