## WALTER v. SWAIM.

### Opinion delivered March 3, 1913.

1. TAXATION—WEEKLY PUBLICATION OF DELINQUENT LIST.—The requirement in Kirby's Digest, § 7085, that the list of lands delinquent for taxes, shall be published "weekly for two weeks between the second Monday in May and the second Monday in June in each year," is not met by a publication, the first insertion of which is

on May 22, and the last on June 5, because these two dates are not weekly in succession, and there being no affirmative show- ing that there was an intermediate publication. (Page 245.)

2.    TAXATION—INSUFFICIENCY OF NOTICE.—Failure of the clerk to pub- lish the delinquent tax list for two weeks in succession as required by Kirby's Digest, § 7085, rendered the tax sale void. (Page 245.)

Appeal from Poinsett Chancery court; *L. C. Going,* Special Chancellor; affirmed.

*Appellant pro se.*

The clerk's certificate on its face shows a full com- pliance with the requirements of the statute. This rec- ord is conclusive and evidence *aliunde* would not be re- ceived to contradict it. Kirby's Dig. § 7086; 65 Ark. 599; 55 Ark. 218; 80 Ark. 31.

*Clyde Going,* for appellee.

The clerk's certificate showing the publication of the notice on May 22 and June 5, and not showing a publi- cation between those dates is evidence that the publica- tion was not in compliance with the statute, and avoids the sale.    55 Ark. 192; 92 Ark. 211, 212; 84 Ark. 1.

*Appellant pro se,* in reply.

The clerk's certificate in plain language states that the notice was published "two weeks in succession" in a "weekly newspaper," etc. The omission in the certifi- cate of the intervening date does not invalidate the no- tice.    97 Ark. 76; 91 Ark. 117; 30 Ark. 732; 2 Cyc. 22.

SMITH, J.    Appellee brought this suit in the Poin- sett Chancery Court to cancel a deed to appellant for the fractional north half, northwest quarter, section 18, township 10 north, range 2 east, situated in that county, from the State Land Commissioner.

The appellee deraigns his own title, and it is unnec- essary here to set it out, as the only cloud on it, which appears from the record, is the deed which it seeks to cancel.    The land was sold on the 8th day of June, 1896, for the State and county taxes for the year 1895, and at said sale the State of Arkansas was the purchaser, and the land not having been redeemed, the clerk of that

county, on the 16th day of June, 1898, certified the forfeiture to the State Land Commissioner, who on April 26, 1910, executed to appellant the deed above mentioned. The question involved is the validity of this tax sale, which is attacked upon the following grounds:

1. No notice of the sale of said tract of land was published in the form and manner and for the time prescribed by law.

2. No record of said alleged tax sale was made by the clerk in the manner and form by law required.

The clerk's certificate to the notice of sale was as follows:

"State of Arkansas,
County of Poinsett.

I, J. C. Mitchell, clerk of the circuit and county court within and for the county aforesaid, do hereby certify that the above and foregoing list of lands returned delinquent for the nonpayment of taxes for the year 1895 was filed in my office on the 11th day of May, 1896, and that the same was carefully compared, recorded and published for two weeks successively in the Modern News, a weekly newspaper published in the said county, the first insertion being on the 22d day of May, 1896, and the last insertion appearing on the 5th day of June, 1896.

In testimony whereof I have hereunto set my hand and affixed the seal of office, date and name. This the 6th day of June, 1896.

J. C. Mitchell, Clerk."

Section 7085 of Kirby's Digest provides for the publication of the list of delinquent lands and its provisions are as follows:

"Section 7085. The clerks of the several counties of this State shall cause the list of the delinquent lands in their respective counties, as corrected by them, to be published weekly for two weeks, between the second Monday in May and the second Monday in June in each year. Such list of delinquent lands shall be published in some newspaper of the county, if any be published

therein; if not, in some newspaper published nearest to said county having a circulation in such county. He shall also keep posted up on or about his office such delinquent list for one year.''

This section was construed in the case of *Byrne* v. *Less,* 92 Ark. 211, and Justice BATTLE, speaking for the court, there said: ''The statute provides that the delinquent list shall be published weekly for two weeks between the second Monday in May and the second Monday in June, in each year. Kirby's Digest, 7085. 'Weekly for two weeks' means two weeks in succession; for the two weeks it must be weekly. It would not have been weekly if a month had intervened between the two insertions. A newspaper published every two weeks would not be a weekly, but a bi-weekly, and was not in compliance with the statute.'' And he further said: ''In this case the notice required by the statute was not given. The owner of the land was not legally notified, and the sale is void.'' This opinion fits the facts of this case perfectly. The certificate recites that the delinquent list was published for two weeks successively in the Modern News, a weekly newspaper published in the said county, but it also recites that ''the first insertion being on the 22d day of May, 1896, and the last insertion appearing on the 5th day of June, 1896.'' Publication on these dates could not have been weekly in succession and there is no affirmative showing that there was an intermediate publication.

We conclude, therefore, that the sale in question was void and that the chancellor was correct in so holding and the decree of the court below in cancelling said deed as a cloud upon appellee's title is affirmed.