EARL *v.* HARRIS.

Opinion delivered January 10, 1916.

1. TAX SALES—RECORDING LIST OF DELINQUENT LANDS—SALE.—A tax sale is void where the list of delinquent lands is not recorded, as required by Kirby's Digest, § 7086, before the date of sale.
2. TAX SALES—NOTICE—DATE OF PUBLICATION.—A certificate to the notice of sale is insufficient, when it does not show the dates of publication of the notice of sale.

3.    TAX TITLES—POSSESSION UNDER DEED—LIMITATIONS.—One who takes possession of a part of a tract of unoccupied land under a tax deed conveying the entire tract, acquires title to the entire tract by limitation after the lapse of two years, even though the sale under which the deed was made, was void. This is true only when the land is occupied by the tax purchaser, and not when the owner is in actual possession of any portion thereof.

4.    TAX SALES—VOID SALE—LIEN FOR TAXES.—Appellee purchased land under a foreclosure of a mortgage thereon. The land was forfeited for nonpayment of taxes and was sold to appellant, the sale, however, being void. It appears that both appellant and appellee held possession of a portion of the land. *Held*, a decree awarding the land to appellee, but giving appellant a lien for the taxes paid, would be affirmed.

Appeal from Perry Chancery Court; *John E. Martineau*, Chancellor on Exchange; affirmed.

*Mehaffy, Reid & Mehaffy*, for appellant.

Harris shows no title at the time of the tax sale. There is neither allegation nor proof that he or any one under whom he claims had title to the property at the time of the sale for taxes to Earl. Kirby's Dig., § 7105.

Earl's tax title is good. The recitals of the tax deed are *prima facie* true. Kirby's Dig., § 7104; 59 Ark. 195. Its recitals have not been overcome by the evidence.

*J. H. Bowen*, for appellee.

Earl's tax title is void. The record of the tax sale shows conclusively that this record was not made until after the sale, and it also discloses that no attempt was made to publish or record the notice that the land would be sold. Kirby's Dig., § 7086; 55 Ark. 218; 57 S. W. 798; 86 S. W. 426; 98 S. W. 362.

It is void also because the clerk's certificate of publication is insufficient, in that it does not show that the delinquent list was published "weekly for two weeks." Kirby's Digest, § 7085; 154 S. W. 511, 107 Ark. 242.

SMITH, J. This litigation involes a tract of land which had been owned by a negro named George Bull. Some time before his death Bull gave a mortgage on this land, which was later foreclosed in the Perry County Chancery Court, and at the sale under this decree appel-

lee became the purchaser and received a commissioner's deed dated April 3, 1906. This foreclosure suit was begun in 1903, and the parties defendant were the children of George Bull.

Appellant purchased the land at a sale for the taxes of 1901, and received a tax deed dated September 9, 1904, based on this sale, and he undertook to show that he immediately entered into and retained possession of the land until March, 1909, at which time his tenant was forcibly dispossessed.

The record of the tax sale under which appellant claims was introduced in evidence, and the heading or caption of the record showing the list of lands returned delinquent reads as follows:

"List of land and town lots returned for nonpayment of taxes for the year 1901 in Perry County, Arkansas, and sold June 9, 1902."

The clerk's certificate showing publication of the delinquent notice reads as follows:

"And I further certify that the same was duly and legally advertised in the Perryville News, a weekly newspaper printed and published, and having a *bona fide* circulation in Perry County, towit:  May ......, 1902, and May ......, 1902, the last insertion being more than two full weeks before the day of sale, and both insertions being between the second Monday in May and the second Monday in June, 1902."

(1) We think the language of the certificate showing the list of lands returned as delinquent makes it appear that this record was not made until after the sale. This certificate shows that the lands were "sold June 9, 1902," and also shows the name of the purchaser at the sale. The sale was, therefore, void for this failure to comply with section 7086 of Kirby's Digest by recording the list of delinquent lands before the date of sale. *Martin* v. *Allard,* 55 Ark. 218; *Logan* v. *Eastern Arkansas Land Co.,* 68 Ark. 248; *Hunt* v. *Gardner,* 74 Ark. 583; *Magness* v. *Harris,* 80 Ark. 583.

(2) We think, too, that the certificate to the notice of sale is insufficient in that it does not show the dates of publication of the notice of sale.

In construing section 7085 of Kirby's Digest in the case of *Walter* v. *Swaim,* 107 Ark. 242, we said (to quote the syllabus):

"The requirement in Kirby's Digest, section 7085, that the list of lands delinquent for taxes, shall be published 'weekly for two weeks between the second Monday in May and the second Monday in June in each year,' is not met by a publication, the first insertion of which is on May 22, and the last on June 5, because these two dates are not weekly in succession, and there being no affirmative showing that there was an intermediate publication."

Appellant insists, however, that even though the tax sale was invalid, he has title by virtue of his possession under his tax deed, and the correctness of his contention is, we think, the controlling question in the case. The finding of the chancellor was adverse to appellant's contention, and we can not say that finding is contrary to the preponderance of the evidence.

During the pendency of the foreclosure suit and for some time thereafter the Greenville Stave Company operated a mill on this land and cut the timber thereon, but this possession was permitted by the parties to the foreclosure proceeding under an agreement that if the Bull heirs wished to pay off the mortgage sought to be foreclosed, the money received from the timber might be used for that purpose, but it does not appear what became of this money.

Appellant testified that he received rent for the years 1904 to and including 1908 on a part of the old Bull farm. but it appears that the rent paid appellant was paid by one of the Bull heirs who was in possession of a tract of land which had also been owned by his father adjoining the land in question.

The evidence on the part of the appellee is to the effect that he took possession of the land in 1905; that

one Reuben Dozier had rented a part of the land from one of George Bull's heirs under an agreement that the rents were to be held and turned over to the successful party in the chancery court, and that appellee took possession of the land when he received his deed, and that he thereafter rented the land to one of the Bull heirs for a third of the cotton, and later rented it to one Surratt; that the Bulls owned another tract of land adjoining the land in controversy, and when he went to put a division fence between this land and the other tract appellant notified him not to put up the fence, but that he did put the fence up and appellant cut it down. There was other testimony corroborating appellee, and the effect of his evidence is that he had adverse and continuous possession of the land from the date of his deed in 1906 to the beginning of this litigation.

Appellant's evidence does show the receipt of certain rents, yet these rents were paid by one of the Bull heirs who was in possession of an adjoining tract, and the evidence does not definitely show the extent or boundary of the land so occupied.

(3) It is settled that one who takes possession of a part of a tract of unoccupied land under a tax deed conveying the entire tract, acquires title to the entire tract by limitation after the lapse of two years, and that this is true even though the sale under which the deed was made is void. *Jones* v. *Pond & Decker Mfg. Co.,* 79 Ark. 194. But this is true only when the land is occupied only by the tax purchaser, and would not be the law if the owner of the land was in the actual possession of any portion thereof.

In the case of *Crill* v. *Hudson,* 71 Ark. 390, it was decided that possession of a part of a tract of land sold for taxes under color of title for the whole, for the requisite period of time gives title to the tract by limitation, where the owner is not in actual possession of any part.

In the case of *Woolfolk* v. *Buckner,* 67 Ark. 411, it was decided (to quote the syllabus) :

"A purchaser of land under a void tax title will acquire title, under the two years' statute of limitation, only to so much of the land as he has held in his actual and adverse possession for the requisite period, * * * the constructive possession of so much of the land as is unoccupied being in the holder of the legal title."

(4) Under the doctrine of these cases we must hold that appellee had the constructive possession of all of the land in controversy which was not occupied by appellant, and only a small part of the land was actually occupied by either party. Appellant made no attempt to describe the portion of the land on which he claims to have received rent with that certainty which would enable us to describe it and set it aside separate and apart from the remainder of the tract, and the decree of the chancellor which awards the land to appellee, but decrees a lien on the land in appellant's favor for the amount of the taxes paid, will be affirmed.