JOHNSON *v.* TUCKER LAKE LEVEE AND DRAINAGE DISTRICT.

Opinion delivered May 18, 1925.

DRAINS—PUBLICATION OF NOTICE OF ASSESSMENT IN WEEKLY NEWS-
PAPER.—Crawford & Moses' Digest, § 3615, requiring publication
of a notice of hearing of the assessment in a drainage district
for two weeks in some weekly newspaper, is complied with by
publishing such notice once a week for two weeks in a daily
newspaper.

Appeal from Jefferson Chancery Court; *H. R. Lucas,* Chancellor; affirmed.

*F. G. Bridges,* for appellant.

*Palmer Danaher* and *M. Danaher,* for appellee.

WOOD, J. The Tucker Lake Levee & Drainage District is an improvement district organized under subdivision 2 of chapter 51 of Crawford & Moses' Digest and amendatory acts. The district lies wholly within Jefferson County, Arkansas. The commissioners of the district assessed the benefits and deposited the same with the county clerk of Jefferson County. The county clerk gave notice of that fact by publication two weeks in the

*Graphic,* a newspaper published in Jefferson County and having a *bona fide* circulation therein. The paper was published every day in the week, except Monday. It is what is termed a daily newspaper. It was not published as a weekly newspaper. The notice of the filing of the assessment by the commissioners was published in the *Graphic* on July 17 and again on July 24, 1924. It called on all owners of property in the district to appear before the county court on the 12th of August, 1924, to show cause, if any, against the assessment of any of the lands in the district. The county court, in pursuance of the notice, confirmed the assessment.

This action was brought by Cyrus Johnson and Pinckney Johnson against the district and its commissioners. The issue raised by the pleadings is whether or not the assessment was void because of insufficient publication. The trial court held that the publication of the notice in the *Graphic* by two consecutive weekly insertions therein, as above set forth, was sufficient compliance with the statute, and entered a decree dismissing the complaint for want of equity, from which is this appeal.

Section 3615 of Crawford & Moses' Digest, pursuant to which the notice was given, provides as follows: "When their assessment is completed, the commissioners shall subscribe said assessment and deposit it with the county clerk, where it shall be kept and preserved as a public record. Upon the filing of said assessment the county clerk shall give notice of the fact by publication two weeks in some weekly newspaper issued in each of the counties in which the lands of the district may lie." The term "weekly" means once a week. 40 Cyc. 877; Webster's International Dictionary. In the nomenclature of newspaperdom the term "weekly newspaper" conveys the idea that the paper is published once a week (*Iowa State Savings Bank* v. *Jacobson,* 8 So. Dakota, 292, 300), and a bi-weekly newspaper is one published every two weeks. *Byrne* v. *Less,* 92 Ark. 211.

The Tucker Lake Levee and Drainage District was formed under a general law. C. 51, C. & M. Digest,

*supra,* subdiv. 2.   The lawmakers had in view condi
tions that might obtain in any county or in any number
of counties where it might become necessary to form
drainage districts, and the term "weekly newspaper" in
the statute was not used in any narrow or technical
sense, but was intended to cover the conditions that
would likely prevail generally throughout the State, and
did not have reference to the situation in any particular
locality.   The framers of the law doubtless knew that
weekly newspapers were published in most of the
counties in the State, and they were framing the law
to meet the general situation.   The purpose was to
provide a method for publication that would most
effectually bring home to the landowners the notice of
the assessment, and it was determined that the weekly
newspaper would afford the best medium, hence it was
designated.   But, if a paper is published two weeks in
succession consecutively on Thursday of each week, it
is a weekly publication of such paper, and it is none
the less a weekly publication because it is also pub-
lished, not only on Thursday, but on every other day
in the week except Monday.   There would certainly be
as great probability of the landowners in the territory
affected receiving notice of the assessment where the
publication was made in a daily paper which has a gen-
eral circulation as there would be if the same were pub-
lished in a newspaper published once every week, or,
in a weekly newspaper.   It occurs to us that it would
be "sticking in the bark" to hold that the publication
under review did not meet the requirements of the law
for the publication of the notice of the assessment.   We
therefore conclude that the publication of the notice
of the filing of the assessment with the county clerk of
Jefferson County by an insertion in the *Graphic* for
two weeks in succession on July 17 and 24, 1924, was in
compliance with the statute in such cases made and
provided.

The decree of the chancery court is correct, and it
is therefore affirmed.