FIRST NATIONAL BANK OF CORNING v. POLK.

Opinion delivered June 21, 1926.

1.  TAXATION—LIEN OF AGENT PAYING TAXES.—Crawford & Moses'
    Dig., § 10053, does not subrogate an agent paying taxes on lands
    to the lien of the State, but only gives a lien to the agent against
    the owner.

2.  TAXATION—AGENT'S LIEN—PRIORITY OF MORTGAGE.—The lien of a
    mortgagee, executed by the owners of land after the taxes thereon
    had been paid by an agent at the owner's request, is superior
    to agent's lien provided by Crawford & Moses' Dig., § 10053.

3.  APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—
    A finding of fact of the chancellor not clearly against the pre-
    ponderance of the testimony will be sustained on appeal.

Appeal from Clay Chancery Court, Eastern District;
*J. M. Futrell*, Chancellor; affirmed.

*Beloit Taylor* and *W. E. Spence*, for appellant.

*G. B. Oliver, Jr.*, for appellee.

HUMPHREYS, J.  This is an appeal from a decree of
the chancery court of Clay County, Eastern District, dis-
missing the cross-bill of appellant for the want of equity,
filed in a second foreclosure proceeding instituted by
appellee against J. N. Moore and others.  In the first
foreclosure proceeding, appellee made appellant a party
because J. N. Moore had executed a mortgage to appel-
lant upon the lands mentioned in the mortgage, which he
had theretofore executed to appellee, except the north
half of the northeast quarter of section 8, township 21
north, range 6 east.  In the first foreclosure proceeding
appellant prayed for a foreclosure of its mortgage also.
After both appellant and appellee had obtained fore-
closure decrees, it was ascertained that the land described
above, which was embraced in appellee's mortgage, had
been sold for the taxes in 1919 to M. V. Diboeld, who was
in possession of same, claiming to be the owner thereof.
J. N. Moore, the mortgagor, instituted a separate suit
against M. V. Diboeld to cancel the tax title.  The instant
or second foreclosure proceeding was brought for the
purpose of collecting a part of the notes which were not
due at the time the decrees were entered in the first fore-

closure proceeding. Appellant sought in its cross-bill to obtain a paramount lien for the taxes paid by it at the request of J. N. Moore upon a part of the land covered by appellee's mortgage and to obtain one-half of the eighty-acre tract of land which M. V. Diboeld claimed under a tax purchase, or one-half the proceeds which might be derived therefrom when sold under the foreclosure proceeding. Appellant alleged in its cross-bill that appellee's mortgage was dated January 1, 1920, and that the taxes upon the lands described therein for the year 1919 had not been paid, and that it paid taxes to the amount of $411 for said year, at the request of J. N. Moore, upon certain lands embraced in appellee's mortgage but not embraced in its own mortgage. It also alleged that it entered into a contract with appellee to employ an attorney to assist his attorney in the prosecution of the suit instituted by J. N. Moore to cancel the tax title to the eighty-acre tract of land aforesaid held by M. V. Diboeld, in consideration that, if successful, they should divide said eighty-acre tract, or the proceeds therefrom, equally between them. These allegations in the cross-bill were controverted by appellee. These issues were submitted on testimony introduced by the respective parties, which resulted in a decree to the effect that appellant should take nothing on its cross-bill.

Appellant's first contention for a reversal of the decree is that the trial court erred in dismissing its claim for taxes. It relies for a prior and paramount lien to the mortgage lien of appellee for the taxes paid by it upon § 10053 of Crawford & Moses' Digest, which is as follows:

"Every attorney, agent, guardian, executor or administrator seized or having care of lands as aforesaid, who shall be put to any trouble or expense in listing or paying the taxes on such lands, shall be allowed a reasonable compensation for the time spent, the expenses incurred and the money advanced as aforesaid, which shall be deemed in all courts as a just charge against the person for whose benefit the same shall have been advanced, and the same shall be preferred to all other

debts. or claims, and be a lien on the real estate as well as the personal estate of the person for whose benefit the same shall have been advanced.''

It will be observed that the statute does not attempt to subrogate the agent paying the taxes at the request of the owner to the lien of the State, but only gives a lien to the agent against the owner. The taxes were paid by appellant at the request of J. N. Moore on April 10, 1920, which payment satisfied the lien of the State. Appellee's mortgage was executed July 7, 1920, and his lien was superior to that of appellant. The payment of the taxes by appellant was just as if the taxes had been paid by J. N. Moore, the owner of the land. Moore could not have claimed a lien on account of the payment of the taxes paramount to the mortgage lien of his own mortgagee.

Appellant next contends for a reversal of the decree upon the ground that the court erred in finding from the evidence that appellee had not entered into a contract with appellant to divide the eighty-acre tract aforesaid, or the proceeds thereof, equally between them in case the tax title thereto was canceled.

S. P. Lindsey, cashier of the appellant bank, testified upon this issue, in substance, as follows: That appellee informed him that he was going to bring a suit to cancel the tax title of M. V. Diboeld to the eighty-acre tract of land, and proposed to divide it equally between appellant and himself if appellant would employ an attorney to assist his attorney in prosecuting the suit to a successful issue; that he accepted the proposition, and employed F. G. Taylor to assist appellee's attorney, G. B. Oliver, in the prosecution of the suit, for which he paid him a fee of $50.

F. G. Taylor testified, in substance, as follows: that he was employed by appellant to assist G. B. Oliver in a suit brought by appellee in the name of J. N. Moore to cancel a tax title held by M. B. Diboeld to the eighty-acre tract of land in question, and that, pursuant to the employment, he referred G. B. Oliver to the case of *Earle v. Harris*, 121 Ark. 621, which, in his opinion, conclu-

sively settled the issue involved in the suit for the cancellation of the tax title in favor of appellee; that he met Mr. Oliver in consultation several times, but that he took no part in looking up the record upon which the tax title was based; that he rendered a bill of $50 to appellant for this service, which it paid.

G. B. Oliver was introduced as a witness by appellee and testified, in substance, as follows: that he advised appellee to propose to appellant to employ an attorney to assist him in the suit to cancel the tax title claimed by M. V. Diboeld to the eighty-acre tract in question; that his reason for making the suggestion was that appellee had a mortgage on all of Moore's land, including the Diboeld tract, and that appellant had a mortgage on a part of the same land not including the Diboeld tract; that, under these circumstances, appellant would have a right to marshal the assets and request that appellee be first requested to exhaust the land that appellant did not have a mortgage on, and in that way would be directly interested in appellee's suit to recover the eighty-acre tract of land from Diboeld; that appellee asked him to mention the matter to appellant; that he explained the matter to Lindsey, who afterwards informed him that he had procured Judge Taylor to assist him in the matter; that, later, appellee brought him a written contract providing that, in case the tax title was canceled, appellee would divide the eighty-acre tract, or the proceeds thereof, in a foreclosure proceeding, with appellant; that the written agreement was entirely different from the proposal he made to Lindsey, so he advised appellee not to sign it, and that appellee followed his advice; that, after appellee's refusal to enter into the written contract, he did not consult Taylor with reference to the conduct of the cancellation suit, and that he received no assistance from Taylor in the prosecution thereof.

In view of the fact that appellee refused to enter into the written contract submitted by appellant to him, and the further fact that Judge Taylor knew nothing personally of the alleged contract between Lindsey and Polk,

and the conflict in the testimony of Lindsey and Oliver, we are unable to say that the finding of the chancellor is clearly against the preponderance of the testimony bearing upon this issue.

No error appearing, the decree is affirmed.