BENNETT *r*. YOUNES.

4-3562

Opinion delivered October 15, 1934.

*Cotton & Murray* and *J. Loyd Shouse,* for appellants.

*Shinn & Henley,* for appellees.

SMITH, J. On June 10, 1929, the tract of land involved in this litigation was sold by the collector of taxes for Boone County for the nonpayment of the taxes due thereon for the year 1928. Pursuant to this sale the clerk of the county court executed and delivered to the tax purchaser his tax deed on July 16, 1931. This suit was brought to cancel that deed. There were allegations of a tender of taxes, etc., supported by a proper and sufficient affidavit.

The sale was attacked upon numerous grounds. We do not consider all the irregularities alleged in the assessment of the land for taxation or the proceedings incident to its sale. Having found that the sale was void for the reason herein stated, it is unnecessary to consider whether it was not also invalid for other reasons alleged.

It appears that § 10,084, Crawford & Moses' Digest, was not complied with. This section reads as follows: "The clerks of the several counties of this State shall cause the list of the delinquent lands in their respective counties, as corrected by them, to be published weekly for two weeks, between the second Monday in May and the second Monday in June in each year. Such list of delinquent lands shall be published in some newspaper of the county, if any be published therein; if not, in some newspaper published nearest to said county having a circulation in such county. He shall also keep posted up in or about his office such delinquent list for one year."

Numerous cases have held that noncompliance with the provisions of this section invalidates the sale, and the testimony of the county clerk discloses the fact that there was a failure to comply therewith. *Byrne* v. *Less,* 92 Ark. 211, 122 S. W. 635; *Walter* v. *Swaim,* 107 Ark. 242, 154 S. W. 511; *Wolf & Bailey* v. *Phillips,* 107 Ark. 374, 155 S. W. 924; *Earl* v. *Harris,* 121 Ark. 621, 182 S. W. 273.

The court should therefore have held the sale invalid, and should have canceled the tax deed as prayed, upon compliance with the tender which the complaint alleges was made.

The decree of the court below will therefore be reversed, and the cause remanded with directions to enter a decree conforming to this opinion.