## WOLF & BAILEY *v.* PHILLIPS.

### Opinion delivered March 17, 1913.

1. TAX SALE—NOTICE.—The giving of notice is a prerequisite to a valid sale of land for taxes, and when notice is not given in substantial conformity with the statute the sale will be adjudged invalid, notwithstanding a tax deed in proper form may have been duly executed. (Page 378.)

2. STATUTES—RULE OF CONSTRUCTION.—Statutes relating to a subject must be considered as a whole and to get at the meaning of any part thereof, it must be read in the light of other provisions relating to the same subject. (Page 379.)

3. TAXATION—TAX SALE—ADVERTISEMENT.—Where a county has two judicial districts a tax sale will be held invalid when the land lies in one judicial district, and is advertised for sale in a newspaper published in the other judicial district of the said county, under Act No. 313, Acts of 1905, p. 755, which provides, "that hereafter delinquent lands in counties having two judicial districts shall be advertised and sold in the district to which the land lies," when read in the light of § 4923 and § 7085 of Kirby's Digest. (Page 379.)

4. EJECTMENT—PLEADING—DOCUMENTARY EVIDENCE—WAIVER OF OBJECTIONS.—When plaintiff, in an ejectment suit, bases his right of recovery wholly upon the invalidity of the tax sale under which defendant claims, and alleges such invalidity in his complaint, the allegations continue to be a part of the pleadings after the answer is filed, and the complaint will be held to be a substantial compliance with §§ 2743 and 2744, of Kirby's Digest, which provide in effect that unless plaintiff in an ejectment suit, shall within three days after the filing of the answer, file exceptions to any documentary evidence exhibited by the defendant, all objections to such evidence shall be deemed waived. (Page 380.)

5. LIMITATIONS—TAX TITLES.—The two years' statute of limitations as to tax titles runs from the date of the tax deed executed by the clerk. (Page 381.)

6. EJECTMENT—BASIS OF RECOVERY.—In an action in ejectment, plaintiff must recover upon the strength of his own title. (Page 381.)

7. ADVERSE POSSESSION—PROOF OF.—When the evidence is indefinite and uncertain, plaintiff will not be held as a matter of law to have obtained title by adverse possession. (Page 381.)

Appeal from Lawrence Circuit Court, Western District; *R. E. Jeffery,* Judge; reversed.

### STATEMENT BY THE COURT.

This is an action of ejectment instituted in the circuit court by Wolf & Bailey against Carrie D. Phillips to recover the following lands situated in the Western District of Lawrence County, Arkansas, towit:

The west half of the southeast quarter and the southeast quarter of the southwest quarter of section 2, township 17 north, range 3 west.

The lands in controversy in this case were patented by the United States Government to John Gibbons in 1859. In 1887 these lands were sold to Jesse Gibbons for the non-payment of the taxes of 1886, and in 1889, tax deeds therefore were duly executed to him. Jesse Gibbons at once took possession of the land under said tax deeds. He began to improve them and lived on them from that time until he died in 1890. At the time of his death he left surviving him his widow and one child who remained in possession of the lands. His widow lived on the lands until she married again in about 1895. When his widow married she conveyed her interest in the lands to her daughter. Her daughter still remained on the land and continued in the possession of same until she sold it to the plaintiffs, Wolf & Bailey, in 1901. The plaintiffs at the time of their purchase took possession of the land and through their agent, G. G. Dent, rented the land to various parties until the year 1908; at which time they rented the lands to W. G. Goff who entered into possession as their tenant and remained in possession of them until March, 1910. The lands were sold in 1906 for the non-payment of taxes of 1905, and H. F. Sloan became the purchaser at the tax sale. On August

25, 1909, a tax deed was executed to him for a part of said land, and on August 28, 1909, a tax deed was executed to him for the rest of said land. On November 23, 1910, Sloan conveyed the lands to the defendant, Carrie D. Phillips. Sloan paid the taxes on the land for the years 1906, 1907 and 1908. Carrie D. Phillips took possession of the lands on the 11th day of November, 1910. The lands were advertised for sale for the non-payment of taxes for the year 1905 in a newspaper published in the Eastern District of Lawrence County, but which had a *bona fide* circulation in the Western District of said county, in which said lands were situated. A newspaper was published and had a *bona fide* circulation in the Western District of Lawrence County during the year 1906.

This suit was commenced on the 17th day of August, 1911. The plaintiffs introduced evidence tending to show that they remained in possession of these lands through their tenants until in March, 1910. On the other hand the defendant introduced evidence tending to show that the plaintiffs had not been in possession of the land since the spring of 1909. At the trial of the case the court made an order dismissing the cause of action of the plaintiffs as to part of the lands because of their failure to file affidavit of tender of taxes. But on the next day, at the same term of the court, said order was set aside and the case proceeded to trial and was heard as to all the lands embraced in the complaint. The circuit court held that the advertisement of the lands in a newspaper published in the Eastern District of Lawrence County and having a *bona fide* circulation in the Western District of said county was a valid advertisement for the sale of lands situated in the Western District of Lawrence County, for the non-payment of taxes. It therefore directed a verdict for the defendant and from the judgment rendered the plaintiffs have appealed.

*G. G. Dent and Samuel Frauenthal,* for appellants.

1. Continuous and adverse possession for more than two years under the tax deed to Jesse Gibbons, even

if it was void, confers a valid title. 79 Ark. 364; 59 Ark. 460; 60 Ark. 499; *Id.* 153; 76 Ark. 447; 77 Ark. 325.

2. As to the Sloan tax title, appellants are not barred from attacking its validity, since this court has uniformly held that the statute limiting the time for testing the validity of a tax sale does not cut off any meritorious defense to an invalid tax deed. 46 Ark. 96; 53 Ark. 204; 55 Ark. 192; 61 Ark. 36. Failure to comply with some statutory requirement, which failure tended to deprive the landowner of a substantial right, is a meritorious defense not cut off by the statute.

The notice of sale of lands for non-payment of taxes for the year 1905, was not given in the manner required by statute. Lawrence County being divided into two judicial districts, a notice of sale for non-payment of taxes on lands situated in the Western District thereof in a newspaper published in the Eastern District, is not a compliance with the statute, notwithstanding such paper may have a *bona fide* circulation in the Western District. Acts 1905, p. 755; 98 Ark. 327. The publication, to be legal, must be in conformity with section 7085 of Kirby's Digest with the exception that as to the newspaper it must be in the district in which the land lies. See also Kirby's Dig., § 4923; 96 Ark. 274.

*W. A. Cunningham,* for appellee.

1. The Jesse Gibbons title is void because the notice of sale was first published but ten days prior to the date of sale. Kirby's Dig., § 7085; 68 Ark. 426. Void also because the certificate does not affirmatively show that the list and notice were recorded prior to the day of sale. Kirby's Dig., § 7086; 74 Ark. 584; 79 Ark. 580; 87 Ark. 360.

2. Appellants should not be permitted to avail themselves of the statute of limitation by two years adverse possession under the deed. The statute, to be available must be specially pleaded. 77 Ark. 382; 96 Ark. 1.

3. The advertisement of the tax sale under which appellee claims was sufficient; but appellants having

failed to comply with the statute with reference to filing exceptions to documentary evidence exhibited by the defendant, Kirby's Dig., §§ 2743, 2744, should be held to have waived all objections to the tax deeds under which appellee claims. 73 Ark. 221.

As to the publication, the case in 98 Ark. 337 relied on by appellants does not support appellant's contention. See Kirby's Dig., § 7085.

HART, J., (after stating the facts). Among other prerequisites to a valid sale of land for taxes is the giving of notice thereof, and when it is shown that such notice has not been given in substantial conformity with the statute the sale will be adjudged invalid, notwithstanding a tax deed in proper form may have been duly executed. Cooley on Taxation, 3 ed., Vol. 2, par. 928; Black on Tax Titles, 2 ed., § 205; Blackwell on Tax Titles, 5 ed., Vol. 1, § 400.

The principal question for our determination is, was the notice of the sale of the land for the non-payment of taxes for 1905 given in the manner required by the statute?

Lawrence County is divided into two judicial districts. The land was situated in the Western District and the advertisement of sale for the non-payment of taxes was made in a paper published in the Eastern District but which had a *bona fide* circulation in the Western District. The record shows that the lands in question were advertised in 1906 and that during that year a newspaper was published in the Western District of Lawrence County and had a *bona fide* circulation therein. The determination of the question depends upon the construction of sections 4923 and 7085 of Kirby's Digest, and the Act of May 6, 1905 (Acts 1905, page 755). By section 4923 Kirby's Digest it is provided:

"All advertisements and orders of publication required by law * * * shall be published in some newspaper published and having a *bona fide* circulation in the county in which the proceedings are had to which such advertisement or publication shall pertain."

Section 7085 is as follows:

"The clerks of the several counties of this State shall cause the list of the delinquent lands in their respective counties, as corrected by them, to be published weekly for two weeks, between the second Monday in May and the second Monday in June in each year. Such list of delinquent lands shall be published in some newspaper of the county, if any be published therein; if not, in some newspaper published nearest to said county having a circulation in such county. He shall also keep posted up or in or about his office such delinquent list for one year."

The Act approved May 6, 1905 (Act. 313, p. 755), provides:

"That hereafter the delinquent lands in counties having two judicial districts shall be advertised and sold in the district in which the land lies."

The question was raised, but not decided, in the case of *Lee Wilson & Company* v. *Driver,* 98 Ark. 337, other questions being decisive of the case. In that case, however, the court did hold that the provisions of the Act were intended for the benefit of taxpayers and owners and are mandatory. It is a settled rule of statutory construction that statutes relating to a subject must be considered as a whole and to get at the meaning of any part thereof we must read it in the light of other provisions relating to the same subject.

By section 7085 of Kirby's Digest it is provided that the list of delinquent lands shall be published in some newspaper of the county, if any be published therein and, if not, in some newspaper published nearest said county having a circulation in said county. It was the evident and declared purpose of the Legislature by this section to compel the publication of the list of delinquent land in some newspaper printed in the county. To publish the delinquent list in a paper published in another county, but having a *bona fide* circulation in the county in which the land was situated, would not be a compliance with the statute. When the Act of 1905, above quoted,

is read in the light of the previous acts on the subject it is manifest that the purpose and intention of the Legislature was to treat counties having two judicial districts as separate counties so far as the provisions of the Act are concerned. When this is done the Act of May 6, 1905, requires that the notice of sale of delinquent lands shall be published in a newspaper printed in the district in which the lands are situated. This construction, we think harmonizes all the provisions of the statute above quoted and referred to.

It follows, therefore, that the tax sale to Homer Sloan was void.

Finally it is insisted by counsel for the defendant that the judgment should not be reversed because the plaintiffs failed to comply with sections 2743 and 2744 of Kirby's Digest, which provide in effect that unless the plaintiff in an ejectment suit shall within three days after the filing of the answer file exceptions to any documentary evidence exhibited by the defendant, all objections to such evidence shall be deemed waived. We can not agree with his contention in this respect. The plaintiffs in their complaint alleged that the defendant claimed the land under and by virtue of a pretended purchase of said land made by H. F. Sloan at a tax sale held in the Western District of Lawrence County in 1906 for the non-payment of taxes of 1905, and that said sale is invalid. Thus it will be seen that the plaintiffs base their right to recover wholly upon the invalidity of this tax sale; and the allegations continued to be a part of the pleadings after the answer was filed. We think then the allegations of the complaint were a substantial compliance with the provisions of the statute just referred to.

The defendant claims under two tax deeds executed to Sloan. One of them was executed on August 25, 1909, and the other on August 29, 1909. The complaint in this case was filed on August 17, 1911, and summons was issued and served on the same day. It will be seen, therefore, that two years had not elapsed between the execution of the two tax deeds to Sloan and the com-

mencement of this action. In the case of *Harvey* v. *Douglass,* 73 Ark. 221, the court held that the two years statute of limitations under a tax deed contemplates possession under the tax deed and not under the tax certificate. Again in the case of *Haggart* v. *Ranney,* 73 Ark. 344, the court held that the two years statute of limitations runs from the date of the tax deeds executed by the clerk.

But it is well settled that the plaintiffs must recover upon the strength of their own title. It is conceded by counsel for plaintiffs that the tax sale to Jesse Gibbons, their grantor, was invalid, and that the tax deeds obtained by him thereunder were void. They claim, however, that even though the tax deed was void, they have obtained title by adverse possession, and that the undisputed evidence shows this fact. We can not agree with them in this contention. The proof in this respect is too indefinite and uncertain, to say, as a matter of law, that the plaintiff's have acquired title by adverse possession. Besides, additional testimony might be procured on a retrial of the case and, inasmuch as the judgment must be reversed and the cause remanded, we think it the better practice to grant a new trial instead of reversing the judgment and remanding the cause with directions to the lower court to enter a judgment for the plaintiffs. It follows that the judgment must be reversed because the court erred in directing a verdict for the defendant, and the cause will be remanded for a new trial.