WINN v. EICKHOFF.

Opinion delivered June 16, 1919.

1. EJECTMENT—EXCEPTIONS TO DEED.—Under Kirby's Digest, section 2743, providing that exceptions to documentary evidence relied upon by either party shall be filed within three days after the opponent's pleading is filed, there is nothing which requires that the exceptions shall be passed upon before the trial.

2. SAME—EXCEPTION TO DEED.—Under the above section an exception properly speaking relates only to defects apparent on the face of the deed.

3. SAME—PRESUMPTION IN FAVOR OF LAND COMMISSIONER'S DEED.— The object of Kirby's Digest, section 4806, making the deeds of the State Land Commissioner *prima facie* evidence of title is to relieve the grantee and those holding under him from making proof until evidence is introduced tending to show that the deed conveyed no title.

4.   EJECTMENT—SUFFICIENCY OF EXCEPTION.—Where the defendant in
     an ejectment suit bases his defense wholly upon the invalidity of
     the tax sale under which plaintiff claims, and alleges such in-
     validity in his answer, the answer will be held to be a substan-
     tial compliance with section 2743, Kirby's Digest, requiring ex-
     ceptions to the documentary evidence of the plaintiff to be filed
     by the defendant.

Appeal from Pulaski Circuit Court, Second Division;
*Guy Fulk,* Judge; reversed.

STATEMENT OF FACTS.

This action was instituted by George Eickhoff
against Oscar Winn to recover lots 5 and 6, block 1, in
the city of Argenta.

Eickhoff alleged that he was the owner by virtue of
a tax deed executed to him by the State of Arkansas on
the 27th day of August, 1903; that the deed was based
upon the forfeiture of the taxes for 1899. He also alleged
that the lands were uninclosed and unimproved at and be-
fore the date of his deed and had been so unimproved un-
til March 6, 1918, when Winn erected a wire fence around
the lots. He alleged that he had paid the taxes on the
lands continuously for all years since the date of his deed
except the years of 1913 and 1914. These years the taxes
were paid by Winn.

The deed of the State Land Commissioner of date
27th of August, 1903, attached to the complaint showed a
conveyance from the State of the lots in controversy to
Eickhoff, and recited that the lands were forfeited to the
State for the non-payment of the taxes for the year 1899,
and were sold to Eickhoff under the statute authorizing
such sales.

Winn answered, admitting that he was in possession
of the lots, and denied all the other material allegations
of the complaint. He alleged that the tax sale under
which Eickhoff claimed for the taxes of 1899 was void for
the following reasons:

"*First.* Said lots were sold *en masse* and for a
lump sum.

"*Second.* There was no warrant in the tax books for 1899 as delivered by the clerk of Pulaski County to the collector, authorizing said collector to collect taxes assessed and extended against said lands. Said lands were sold to the State of Arkansas for costs which were not properly chargeable and which were not authorized by law."

Winn also alleged that said lots for many years prior to the deed of the same from the State of Arkansas, have been cleared, enclosed and occupied by buildings; that for a number of years past they have been at different times enclosed, and have been in actual cultivation.

Winn prayed that the complaint of plaintiff be dismissed, and for all other and proper relief.

Eickhoff died on the 8th of July, 1918, and the cause was revived in the name of Carrie Eickhoff, executrix of his estate and in the name of his children. The deposition of Eickhoff was taken before his death and was introduced in evidence. He testified that he had paid the taxes for the years 1904-1912 inclusive, and the tax receipts were introduced to show such payment. His testimony also tended to prove that the lots in controversy were unenclosed and unimproved from 1892 until Winn built the fence enclosing the same.

There was other testimony corroborating the testimony of Eickhoff and tending to prove that the lots in controversy had not been enclosed or improved from the year 1892 until Winn built his fence enclosing the same in March, 1918.

Winn testified that he was the owner and in possession of the lots in constroversy; that he bought the lots from the original owner in 1913; that he paid the taxes on the lots for the years 1913, 1914, 1917, and had expended considerable money in improving the property.

Winn offered to introduce testimony to prove that Eickhiff's tax deed was void. He also offered to introduce certain records, stated that he wished to have the clerk to bring the record, saying: "I want to offer to introduce these."

The court replied: "Let the record show that he offered to introduce the records here attacking this tax title and the court denies the right to do it, and he saves his exceptions to the rulings of this court. The court is not saying that the tax title is valid, but so far as this case is concerned it is valid."

At the conclusion of the testimony the court instructed the jury as follows:

"Gentlemen of the jury: The rules of this court for expediting business require that all preliminary motions and pleadings be settled and the case ready for trial ten days before it is called. This, together with the fact that no exceptions were filed or called to the attention of the court, nor taken up and disposed of before the date of the trial, and the further fact that there is no testimony in this case to show that the land was improved or enclosed during the time that Eickhoff was paying taxes on it, but all the testimony is to the effect that it was uninclosed and unimproved during that period, therefore, as to possession you will find for the plaintiffs." Appellant duly excepted to the ruling of the court.

The verdict and judgment were in favor of the appellee, and from the judgment is this appeal.

*Oscar H. Winn,* for appellant.

Eickhoff's deed was regular on its face and *prima facie* title only, but was void because (1) the lots were sold for taxes *en masse* and for a lump sum and for costs not properly chargeable against them and not authorized by law. The court erred in excluding defendant's offered testimony of the county clerk and the records of the county clerk's office to prove that the deed was void. Kirby's Digest, § 2743; 81 Ark. 79; Kirby's Digest, § 4806. The irregularity in the tax sale did not appear on the face of plaintiff's deed, and defendant had the right to prove the irregularities in the tax sale and that it was void. The lots were not wild and unimproved, and Kirby's Digest, § 5057, does not apply. See 104 Ark. 626; 80 *Id.* 435; 81 *Id.* 258.

*Will G. Akers* and *J. C. Marshall,* for appellee.

All defects in a tax deed must be tried by the record and by the court. A tax deed is only *prima facie* evidence of title and is not required to contain recitals making the deed valid. 30 Ark. 732; 43 *Id.* 543; 1 Dana (Ky.) 6; 94 Ark. 460.

The court properly refused to admit evidence to sustain the exceptions to Eickhoff's deed. Kirby's Digest, § 1324; 3 Cyc. 335; 35 Pa. Sup. Ct. 467; 84 U. S. 672. See also 38 Cyc. 1332. Appellant's offers of proof were wholly insufficient. 18 Ark. 732; 80 *Id.* 435. The lots were wild and unimproved and appellant's title was never ripened or validated by possession or payment of taxes for the time required by law. Cases *supra* cited by appellant and appellee. 80 Ark. 435; 81 *Id.* 258; 104 *Id.* 624; 95 *Id.* 438; 30 *Id.* 732; 38 Cyc. 1332; 1 Dana (Ky.) 6; 94 Ark. 560; 7 *Id.* 424; 18 *Id.* 423; 13 *Id.* 242; 15 *Id.* 331; 21 *Id.* 370; 35 *Id.* 505, and many others. Upon the whole record the judgment is right. *Supra.*

WOOD, J., (after stating the facts). The first question presented is whether or not the court erred in refusing to allow the appellant to introduce records attacking the tax title and whether or not the court erred in instructing the jury as above set forth. Section 2743 of Kirby's Digest is as follows:

"The defendant in his answer shall set forth exceptions to any of said documentary evidence relied on by the plaintiff to which he may wish to object, which exceptions shall specifically note the objections taken, and the plaintiff shall in like manner, within three days after the filing of the answer, unless longer time is given by the court, file like exceptions to any documentary evidence exhibited by the defendant, and all such exceptions shall be passed on by the court, and shall be sustained or overruled, as the law may require; and if any exception is sustained to any such evidence the same shall not be used on the trial, unless the defect for which the exception is taken is covered by amendment."

The appellant complied with the above statute by setting forth his exceptions to the deed of the State Land Commissioner. There is nothing in the statute which requires that the exceptions to the documentary evidence shall be passed upon before the trial. .

Section 4806 of Kirby's Digest provides that the deed of the State Land Commissioner shall be *prima facie* evidence of title to the purchaser. Section 4807 of Kirby's Digest provides that "such deeds shall be received as evidence in any court in the State."

Strictly speaking, an exception proper to a deed relates only to defects apparent on the face of the deed. See *Ward* v. *Sturdivant*, 81 Ark. 79.

The object of our law making the deeds of the State Land Commissioner *prima facie* evidence of title and requiring such deeds to be received as evidence in any court in the State is "to relieve the grantee and those holding under him from making proof until evidence is introduced showing or tending to show that the deed conveyed no title. *Scott* v. *Mills,* 49 Ark. 266-76.

Under the comparatively recent case of *Wolf and Bailey* v. *Phillips,* 107 Ark. 374, we held (quoting syllabus): "When plaintiff, in an ejectment suit, bases his right of recovery wholly upon the invalidity of the tax sale under which the defendant claims, and alleges such invalidity in his complaint, the allegations continue to be a part of the pleadings after the answer is filed, and the complaint will be held to be a substantial compliance with section 2743 of Kirby's Digest."

The same rule will apply to an answer of a defendant which alleges the invalidity of a deed upon which a plaintiff bases his source of title.

The pleadings in this form raise an issue which call for the introduction of evidence and the proper time and place to object to evidence offered, when such is the issue, is at the trial. The court, therefore, could not by any rule for the dispatch of its business deprive the appellant of the right to introduce the testimony at the trial to prove that the appellee's deed was void. The very

issue involved under the pleadings was whether or not the title was vested in appellees' decedent under the deed of the State Land Commissioner. This issue could not be disposed of as a preliminary one in advance of the trial.

It follows that the court erred in excluding the evidence offered by the appellant.

But the appellees contend that the undisputed evidence proves that the lots in controversy were unimproved and uninclosed and that Eickhoff acquired title thereto under the act of March 18, 1899 (section 5057 of Kirby's Digest), by the payment of the taxes for seven consecutive years under his deed which was color of title.

Whether or not city lots come within the purview of the above statute, we need not and do not here decide. For, if it be conceded that such lots were in contemplation of the Legislature when it passed the act, it was a question for the jury, as we view the evidence, whether or not the lots were unimproved and unenclosed. We refrain from setting out and discussing in detail the evidence on this issue and from expressing any opinion upon its weight, for the reason that the case must be remanded for a new trial.

Suffice it to say, the court was not warranted in assuming as a matter of law that the undisputed evidence proved that the lands at the time Eickhoff obtanied his deed were unimproved and remained so during the seven consecutive years that he paid the taxes.

For the errors in excluding the records offered by the appellant "attacking this tax title" and in instructing the jury to find for the plaintiffs, appellees, as to possession, the judgment is reversed and the cause will be remanded for a new trial.