THE LINCOLN NATIONAL LIFE INSURANCE COMPANY *v.*
WILSON, RECEIVER.

4-5716 135 S. W. 2d 846

Opinion delivered January 22, 1940.

*H. M. Barney and Frank S. Quinn,* for appellant.
*Henry Moore, Jr.,* and *T. B. Vance,* for appellees.

McHANEY, J. This is a suit by appellant to cancel,
set aside, and hold for naught three decrees of the

Miller chancery court, condemning certain lands belonging to it for sale for levee taxes in the Garland Levee District of Miller county, the sales had thereunder and the deeds issued pursuant thereto. The suit was instituted on February 17, 1939, against appellee, Wilson, as receiver for the district, and the other appellees were permitted to intervene in the action because they had each purchased certain lands from the district, lands other than those claimed by appellant, the title to which depends on the validity of said decrees and sales.

H. S. Dorsey formerly owned the lands claimed by appellant. In 1928, he and his wife executed deeds of trust on said lands to secure certain indebtedness, which were assigned to appellant. Foreclosure and sale followed and appellant became the purchaser at that sale in March, 1937. Dorsey failed to pay the levee taxes against said lands for 1930 and 1931, and suit was brought by the district May 1, 1933, in cause No. 3811 in the Miller chancery court, to foreclose the district's lien for taxes. Personal service was had on Dorsey and notice of suit was published for the time and in the manner prescribed by the act creating the district, act 311 of 1913 and, as re-enacted by act 56 of 1917. Dorsey and others made default and a decree of foreclosure was entered condemning said lands for sale for the taxes due thereon for said years on July 27, 1933. The lands were sold by the commissioner to the receiver on February 28, 1935, for the taxes, penalty and costs, and the commissioner's deed to the receiver was approved and confirmed April 25, 1935. Thereafter, while the title to said lands was in the receiver, suit was brought, in 1936, to foreclose the district's lien for taxes delinquent against said lands for the years 1932 and 1933, which resulted in a decree, sale and confirmation to the receiver; and again, in 1937, the same thing occurred for the delinquent taxes of 1934 and 1935. In the present action it was admitted by the receiver and appellant that if the sale and deed in cause No. 3811 for levee taxes of 1930 and 1931 were valid, the lands, being owned by the district or its receiver, they

could not again be sold for levee taxes, since the title was in the district, under the authority of *Crowe* v. *Wells River Savings Bank,* 182 Ark. 672, 32 S. W. 2d 617, and *Oliver* v. *Gann,* 183 Ark. 959, 39 S. W. 2d 521.

The grounds upon which appellant relied in the court below, and which are urged here, to cancel the sale in cause No. 3811, are: (1) that the chancery court was without jurisdiction in cause No. 3811 because the complaint therein failed to allege any delinquency in the lands set out; (2) because the decree therein was prematurely entered; and (3) because the title to said lands, at that time, was in the state which suspended the lien for levee taxes. On these questions, issue was joined and trial resulted in a decree dismissing appellant's complaint for want of equity, as to the proceedings and sale in cause No. 3811, which were held valid, and in holding the proceedings in the subsequent sales above mentioned, invalid. This appeal followed, and it is conceded this suit is a collateral attack on the decree in cause 3811 entered in 1933.

(1) As to the first contention, that the complaint in cause No. 3811 failed to allege that the lands listed therein were delinquent and because thereof the court had no jurisdiction, we cannot agree with appellant. The complaint alleges in paragraph 4: "That there lies within Garland Levee District ................. among other lands assessed for taxes for the years 1930 and 1931, the following:" (Then follows a list of the lands of appellant in the name of Dorsey, with the legal description of each tract and the amount of the tax for each year.) The complaint then alleges that, under authority of certain named acts, the district had issued bonds, caused a levee to be built and protected from overflow the territory embracing the lands described in said list; that it had levied a tax of 10 per cent. to be collected for said years and that it has a first lien therefor upon said lands, and prays for judgment *in rem* against the lands set forth therein "for the amount of taxes, penalty, interest and costs respectively due," which should be declared a first lien thereon and be sold.

We think this a sufficient allegation of delinquency. But if not, the decree based thereon is conclusive of the fact of delinquency. It recites service on Dorsey was had by the sheriff and by proof of publication filed and "that all of the defendants have been duly and legally summoned in accordance with law." Continuing the decree provides: "Thereupon the plaintiff introduced the delinquent tax list furnished by the chancery clerk of Miller county, Arkansas, from the list of delinquent land in Garland Levee District returned by the collector of Miller county, Arkansas, showing the taxes due by the respective defendants for the years 1930 and 1931, as hereinafter set forth, and from the testimony introduced, the complaint of the plaintiff, and the delinquent list returned by the collector of Miller county, and by the chancery clerk of Miller county, and other evidence the court finds." So, if we concede that the complaint was defective in the allegation of delinquency of the lands, the decree shows that the proof was ample to show it, and the court, no doubt, treated the complaint as amended to conform to the proof. The whole purpose of the suit was to enforce collection of delinquent taxes, and no one could have mistaken its purpose.

(2) The second contention that the decree of July 27, 1933, was prematurely taken, because the action was brought and the decree entered at the March term of court, cannot be sustained. It is based on a provision contained in § 6 of act 56 of 1917. Assuming without deciding that the suit did not stand for trial at the same term to which it was brought, still it does not help appellant, for it was a matter of defense available to it, if at all, only in the original suit and not on collateral attack. The court was one of general jurisdiction, had jurisdiction both of the subject matter and the parties, and it is conceded by all parties that this is a collateral attack. It was so held in *Collier* v. *Smith,* 132 Ark. 309, 200 S. W. 1008, where the court cited a number of cases to sustain the statement that, "Actual payment of taxes cannot avail on collateral attack where the land was sold by decree of court in accordance with the statutes

of the state.'' Certainly if actual payment cannot be availing, a premature entering of the decree could not. If error, it could have been corrected by motion to set aside in term time or by appeal.

(3) It is finally said that title to these lands was in the state and that the decree was void on that account. All or a part of these lands were forfeited and sold to the state in 1931 for the general taxes of 1930. Two years are allowed by law for redemption, § 13860, Pope's Digest. The lands were not certified to the state as having been sold to it for the taxes of 1930, until 1935. A decree of the Miller chancery court enjoined such certification on July 27, 1933, the date of the decree in question, on the ground that the sale to the state was void. Therefore, title did not pass to the state and the state did not acquire any title by reason of a void sale for general taxes. The decree holding the sales to the state void was not appealed. But assuming the forfeiture and sale to the state sufficient to invoke the rule announced in such cases as *Stringer* v. *Conway County Bridge Dist.*, 188 Ark. 481, 65 S. W. 2d 1071, and *Hopper* v. *Chandler*, 183 Ark. 469, 36 S. W. 2d 398, that ''a chancery sale of land for delinquent road improvement taxes after its sale to the state for delinquent general taxes is void,'' § 2 of act 329 of 1939 validates such sales.

Since we have shown that the decree and sale in cause No. 3811 were valid, it becomes unnecessary to consider the cross-appeal of intervener appellees, seeking to sustain the subsequent decrees and sales above mentioned.

We find no error, and the decree is affirmed.