LINCOLN NATIONAL LIFE INSURANCE COMPANY v. MARTIN.

4-6334                                          150 S. W. 2d 202

Opinion delivered April 28, 1941.

*H. M. Barney* and *Frank S. Quinn,* for appellant.

*T. B. Vance,* for appellee.

McHANEY, J.   In November, 1928, H. S. Dorsey purchased at a foreclosure sale in the Federal District Court at Texarkana, Arkansas, a large body of lands in Miller county, including the lands in controversy now claimed by appellees and described as south half, southwest quarter, section 16 and the west half of section 21, 18

south, 26 west. Shortly after acquiring the title, Dorsey executed deeds of trust upon said lands, including those just described, to a trustee to secure a large indebtedness to John W. Seids, Jr. The deed of trust covering the above described lands in section 16 also included a total acreage of 880 acres, securing an indebtedness of $30,000, and the deed of trust covering the above tract in section 21 also included a total acreage of 1,431 acres, securing an indebtedness of $29,000, both deeds of trust being promptly recorded in Miller county. These deeds of trust were assigned by Seids to Northern States Life Ins. Co. and by its receiver to appellant on April 4, 1933. In that year Garland Levee District and its receiver brought suit against Dorsey and others to foreclose its lien for delinquent levee taxes due for the years 1930 and 1931, which resulted in a decree of foreclosure on July 27, 1933. Sale was had under this decree on February 28, 1935, at which time the district became the purchaser. The sale was approved, and commissioner's deed issued to the district on April 25, 1935, which appellant says was "within the two years' period of redemption provided for by law."

On September 1, 1935, Dorsey conveyed by quitclaim deed to appellees, Martin and wife, 80 acres of the land above described in section 21, and in September, 1935, Dorsey conveyed by quitclaim deed to appellees, Combs and wife, 40 acres of the land above described in section 16. There was no deed from Dorsey to the other appellee, W. O. Potts.

In November, 1935, appellant brought suit to foreclose said deeds of trust, which it held as assignee, against Dorsey and wife, and many other persons, but none of said appellees were made parties, as the deeds of Dorsey to Martin and Combs were not recorded until December 23, 1935, more than one month thereafter. This suit resulted in a decree of foreclosure on September 30, 1936, condemning all the lands for sale covered by said deeds of trust including the lands claimed by appellees above described. Sale was had on March 15, 1937, and appellant became the purchaser of all the lands, which sale was reported to and approved by the court, and the com-

missioner's deed to it was executed and approved on March 22, 1937.

On March 23, 1936, the Garland Levee District and its receiver procured another foreclosure decree against said lands for the levee taxes of 1932 and 1933, which resulted in another sale to the district on June 13, 1936. Another foreclosure and sale to the district occurred in 1937 for the delinquent taxes of 1934-35. On October 3, 1936, the district by its receiver conveyed to appellee Martin the 80 acres now claimed by him in section 21, the consideration being the taxes, penalties, interest and costs accrued and owing thereon for the years 1930-1935, inclusive. On October 20, 1936, the district conveyed to appellee, Combs, the 40 acres in section 16 now claimed by her and to appellee, Potts, the 40 acres in section 21 now claimed by him for like considerations.

On May 7, 1938, appellant filed separate actions against each appellee, by which it sought to redeem the land purchased by each from the district from the levee district sale of 1936. By an amendment filed in June, 1940, it alleged that appellees had acquired title to said lands from Dorsey in 1935, while subject to its mortgage, and that their purchase from the district in 1936 amounted only to a redemption from the district sales, which inured to its benefit, and prayed that it be permitted to redeem from appellees, and that a time be fixed in which appellees might pay off a proportionate amount of its mortgage indebtedness against said lands, and if not paid, title thereto be quieted in it upon payment by it to them of any taxes paid by them.

While this suit was pending, appellant brought another action against the district and its receiver on October 17, 1939, to cancel, set aside and hold for naught the three decrees above mentioned by which said lands were sold to the district for delinquent levee taxes. Trial of that suit resulted in a decree sustaining the 1935 sale to the district and in holding the 1936 and 1937 sales ineffectual and invalid because, at that time, title was already in the district by reason of the 1935 sale. This case was appealed to this court and was affirmed, Jan-

uary 22, 1940. *Lincoln Nat. Life Ins. Co.* v. *Wilson, Receiver,* 199 Ark. 732, 135 S. W. 2d 846. We there said: "In the present action it was admitted by the receiver and appellant that if the sale and deed in cause No. 3811 (1935 sale) for levee taxes of 1930 and 1931 were valid, the lands being owned by the district or its receiver, they could not again be sold for levee taxes, since the title was in the district, under the authority of *Crowe* v. *Wells River Savings Bank,* 182 Ark. 672, 32 S. W. 2d 617, and *Oliver* v. *Gann,* 183 Ark. 959, 39 S. W. 2d 521." Appellees here intervened in that action and were also appellees there. The effect of that decision was to hold the 1935 sale to the district valid and the 1936 and 1937 sales invalid. It was there stipulated in open court that said "cause shall be heard as to said interveners only upon the issue of the validity of the decrees and foreclosure sales set forth in plaintiff's amended and substituted complaint, and sought by said complaint to be set aside."

Appellees in the case now at bar denied appellant's right to redeem, or that their quitclaim deeds from Dorsey obligated them either to pay the mortgage indebtedness to it or the levee taxes for its benefit, or that their purchase from the district was a redemption. They also pleaded the decision in the former appeal in bar of the present action to redeem and that the 1936 sale to the district, being invalid, there was nothing to redeem from. Trial resulted in a decree dismissing appellant's complaints as being without equity, and quieted the title to the respective tracts in the respective appellees. This appeal followed.

The former appeal is *res adjudicata* of the question of the validity of the 1935 sale to the district and of the invalidity of the 1936 and 1937 sales.

Appellant makes two contentions for a reversal of this decree, as follows: 1, That appellees' levee district deeds amount to a redemption only; and, 2, if that is true, then their only right is to redeem from the Dorsey mortgages.

We cannot agree with either contention. In fact, if appellant is wrong as to the first proposition, the second

necessarily falls, as it assumes the correctness of the first. Appellant acquired its mortgages in April, 1933, the year in which the first suit to foreclose for the delinquent levee taxes of 1930 and 1931 was brought, which resulted in the decree of July 27, 1933, and sale on February 28, 1935. Appellant could have paid these taxes at any time before sale and could have redeemed at any time after sale within the period of redemption which appellant says is two years, or on or prior to February 28, 1937. It did not do so, but instead waited until May 7, 1938, more than a year after the period of redemption had expired from the only valid sale made to the district, when it brought these actions to redeem from the 1936 sale. The contention now relied on was not raised by appellant, until June 27, 1940, about five months after the decision of this court on the former appeal, in a third amendment to the complaint, and more than two years after the original complaint was filed. Appellant says: "Having acquired the interest of Dorsey in these lands, and *having entered into possession under their purchases from him,* they stand in the shoes of Dorsey and any taxes paid or redemptions made by them after their purchases amounted to no more than if Dorsey himself had made the payments and redemptions." They assume a state of facts, that appellees entered into possession under their purchase from Dorsey, that do not exist, or, at least, not shown by this record. It cannot be true as to Potts, because he does not claim under a deed from Dorsey, and it is not shown that either of the appellees entered into possession until after they acquired title from the district under deeds based on valid sales in 1935. Reliance is placed by appellant on such cases as *Deaner* v. *Gwaltney,* 194 Ark. 332, 108 S. W. 2d 600, holding that a deed executed by a levee district to one in possession, claiming to be the owner, and deriving the rents and profits therefrom, is a mere redemption, because it was his duty to pay the taxes for which the land was sold to the district. Such a person is held, in many cases, to be under the legal obligation to pay such taxes and, therefore, cannot acquire title by a sale for the taxes which he should have paid. That principle is

well settled as shown by the numerous cases cited in that case, but it has no application here because it is not shown that Martin and Combs entered into possession under the deed from Dorsey or that they were receiving the rents and profits under a claim of ownership, or that they were under any duty to pay the taxes to the district, and in no event could it apply to Potts.

Appellant also relies on *Vernon* v. *Lincoln National Life Ins. Co.*, 200 Ark. 47, 138 S. W. 2d 61, in which a tract of land, covered by the mortgages herein mentioned, was in controversy, and in which Vernon was claiming title under a quitclaim deed from Dorsey. The case has no application here. Vernon was in possession under his deed from Dorsey, was made a defendant in the foreclosure action by the Lincoln National and that action was to dispossess him by a writ of assistance. This court stated "that the only question involved in this appeal is whether appellant was entitled to improvements . . ."

We agree with the trial court that the complaint was without equity and the decree so holding is accordingly affirmed.