JOHNSON et al. v. DRAINAGE DIST. NO. 7 OF POINSETT COUNTY, ARKANSAS.

No. 12097.

Circuit Court of Appeals, Eighth Circuit.

March 3, 1942.

D. F. Taylor, of Osceola, Ark., for appellants.

Eugene R. Warren, of Little Rock, Ark. (J. W. House, W. H. Holmes, W. R. Roddy, and Richard C. Butler, all of Little Rock, Ark., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The dispute which was litigated in this case was whether Drainage District No. 7 of Poinsett County, Arkansas, or one Louis Johnson, was the owner and entitled to possession and use of the following described lands:

"Fractional southeast quarter of southeast quarter; West half of southeast quarter, and fractional east half of southwest quarter, all in Section Six (6), Township Twelve (12) North Range Seven (7) East, in Poinsett County, Arkansas."

The parties entered into and submitted to the court a written stipulation of all the facts deemed necessary for determination of that controversy, and upon the pleadings and facts stipulated, the court entered findings, declarations of law and decree, to the effect that the District, which was a plaintiff in the action, was the owner of the land, and it enjoined the defendants and all others acting under them from committing threatened trespass upon it or cutting or removing appurtenant timber.

The land admittedly belonged to the Chapman and Dewey Land Company, except for the facts to be stated, and being situate within Drainage District No. 7 is subject to drainage district taxes. The district tax for the year 1929 became delinquent and the District brought suit to foreclose the lien of the tax in the Chancery Court of Poinsett County. Decree of foreclosure and sale was there rendered in favor of the District on February 10, 1930. At the sale the District became the purchaser and the Commissioner conveyed the land to it by Commissioner's deed on May 5, 1930. The District rested its claim of ownership on the deed so obtained.

On April 19, 1940, the Chapman and Dewey Land Company executed and delivered its deed conveying the land involved and other lands to Louis Johnson, and the claim that he became the owner of the land and entitled to its use and possession was rested on that conveyance. It was

shown on his behalf, and the court found, that the State of Arkansas made a sale of the land in summary form for delinquent state and county taxes due thereon to the State for the year 1929, and it was claimed that by reason of the State's action the drainage district had no right to maintain its foreclosure of the drainage tax lien and it was contended that the Commissioner's deed to the District, obtained through the District's foreclosure of such lien, was ineffective to vest the ownership of the lands in the District. It was also claimed that Louis Johnson, as the owner under his deed from the Chapman and Dewey Land Company, had the right to pay up the outstanding drainage tax liens and had offered and stood ready to do so but was wrongfully denied the right by the District.

On the controlling question submitted for the trial court's decision, whether under the statutes and decisions of Arkansas the Commissioner's deed to the District conveyed good title or whether the District's foreclosure of its 1929 taxes and the deed to it were ineffective because of the State's action in respect to its 1929 taxes, the court reached the conclusion that the District's foreclosure proceedings and the title conveyed to it were made perfectly valid by the two special Acts of the General Assembly of Arkansas of 1939, referred to as Act No. 126 and Act No. 329. The court considered the contentions for Louis Johnson predicated on the decision in Miller v. Watkins, 194 Ark. 863, 110 S.W.2d 531, 111 S.W.2d 466, 113 A.L.R. 913, but was of opinion that the law as there declared was changed by the two Special Acts, particularly No. 329, and it was noted that the Special Acts were drawn to the attention of the Supreme Court of Arkansas in two cases. Lincoln National Life Ins. Co. v. Wilson, 199 Ark. 732, 135 S.W.2d 846; and Davidson v. Crockett, 200 Ark. 488, 140 S.W.2d 695.

On this appeal the appellants who claim under Louis Johnson have for the first time assailed the jurisdiction of the District Court. They now contend that although the complaint was entitled "ancillary complaint in suit in equity", there was no equity jurisdiction because the case presented a trial of title to lands where both parties claimed ownership in good faith, and they also contend that no sufficient grounds of federal jurisdiction were alleged in the complaint and that none

existed. The averments on which the jurisdiction was predicated are as follows:

"That heretofore this court has taken under its control the protection of the property and assets of the above Drainage District and has enjoined all parties from interfering with possession of the said Receivers and has impounded the property of said District, and heretofore this court has rendered a number of decrees and orders protecting the possession of the said receivers, and this suit is an ancillary complaint of the same kind heretofore issued."

We do not have before us any further showing of the nature of the proceedings by which the property and assets of the Drainage District were brought "under the control and protection" of the District Court than may be gathered from the above allegations.

Although the allegations were not disputed and may be taken as true, they do not make it exactly clear why the federal court sitting in equity was called upon to take cognizance of the controversy between these parties over the title and right to possession of the land involved. It does not appear that the receivers appointed by the court had possession of the land which was being interfered with, or that Louis Johnson or his predecessors in interest were parties to the proceedings in which the receivers had been appointed so as to be amenable to the orders of the court on that account, and we think it may safely be said that in general a suit to try title to lands has been regarded as a distinct action, cognizable in the federal courts only when grounds of federal jurisdiction are specifically shown. On the other hand, as the District had prosecuted its suit to foreclose its tax lien to decree, sale and Commissioner's deed in the Chancery court of Poinsett County and (presumably) had made Louis Johnson's grantor a party defendant therein, it would appear that further action on behalf of the District to render that decree and deed effective upon Louis Johnson and those under him and to exclude them from the land might well be called ancillary to the tax foreclosure suit rather than to a receivership suit in the federal court.

It is possible that a more complete record of all proceedings known to the trial court and assumed by the parties when they submitted the case on their stipulation would clarify the question of jurisdiction, but it is evident that the real controversy in the case over the title to the lands involved presents a question of Arkansas law which can only be finally settled by state court decision. Our study of the Arkansas statutes and decisions relied on by the trial court, and other cited decisions of the Arkansas court, have not satisfied us that they have clearly settled the questions of Arkansas law here litigated, and particularly such notice as the Arkansas Supreme Court has taken of the Special Acts of 1939 numbered 126 and 329, seems to us inconclusive. The importance of the questions which appear to us not to have been conclusively settled in Arkansas is not confined to the present litigants but undoubtedly touches many others more or less similarly circumstanced and possibly to some extent the state also.

Under all the circumstances, our conclusion is that the District Court ought not to have undertaken to decide the controversy over the title to the lands involved but should have left the parties to their remedies in the state court. Even if the District Court had jurisdiction it should have followed that course in the exercise of its discretion. Thompson v. Magnolia Petroleum Company, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Railroad Commission v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

In view of that conclusion the decree appealed from, including the injunctional order embodied in it, should be reversed. As the record leaves uncertainty whether grounds exist upon which the District Court may have jurisdiction by injunction or otherwise to maintain the status quo in respect to the land and the timber thereon pending determination of ownership thereof in the state court, we do not order dismissal of the action. The form of the direction to litigate the issues in the state court is also left to be determined by the District Court.

Reversed and remanded with direction to proceed in accord with this opinion.