The Lincoln National Life Insurance Company
*v.* Smith.

4-7088                    172 S. W. 2d 241

Opinion delivered June 7, 1943.

*Barney & Quinn,* for appellant.

*T. B. Vance,* for appellee.

McHANEY, J. Three separate actions were brought by appellant in the Miller chancery court against appellees, Smith, Martin and Huff, for writs of assistance to obtain possession of three separate tracts of land claimed by appellees, respectively, and of which each was in possession. The basis of the application in each case was that the tract involved therein had been redeemed by it from the foreclosure sale of February 28, 1935, pursuant to a decree of foreclosure in 1933, for delinquent assessments due Garland Levee District of Miller county, at which sale the district became the purchaser; that each appellee had thereafter bought the tract claimed by him or her from the district before the period of redemption had expired; that appellant as owner had redeemed the same within the two-year period allowed by law for redemption; that each appellee took possession of their respective tracts under his or her deed from the district and refused to deliver possession to it; and prayed a writ of assistance issue in each case to put appellant in possession. A demurrer was filed and sustained in each case with leave to amend, which was done, and appellees again demurred. The court treated the demurrers as motions to transfer and sustained them, and the causes were transferred to the circuit court, where appellees again demurred and appellant further amended by deraigning its title to each tract, as in ejectment. Motions to dismiss were then filed by appellees on a number of grounds, some of which will be hereinafter discussed. The court sustained the motions on the ground that the causes were barred by the five-year statute of limitations. Section 8924 of Pope's Digest. This appeal followed. The appeal as to appellee, Martin, has been stayed in this court on account of his service in the armed forces of the United States.

It is undisputed in this record that appellant acquired the land here involved and a large body of other land at a mortgage foreclosure sale as assignee of certain notes and mortgages from Northern States Life Insurance Company through its receiver, as set out in more detail in *Lincoln National Life Ins. Co.* v. *Wilson, Receiver*, 199 Ark. 732, 135 S. W. 2d 846, and *Lincoln*

*National Life Ins. Co.* v. *Martin,* 202 Ark. 321, 150 S. W. 2d 202; that the lands here involved are in Garland Levee District and became delinquent for the taxes of 1930 and 1931; that the lien for said levee taxes was foreclosed by decree in 1933 and sale on February 28, 1935, at which the district became the purchaser; that the period of redemption from sale therein is two years, § 13890, Pope's Digest, being conceded and so held in *Killian* v. *Lincoln National Life Ins. Co.,* 201 Ark. 1137, 148 S. W. 2d 1085; that appellant redeemed from said sale of February 28, 1935, on February 27, 1937, which was within the time allowed by law; that of the land so sold to the district, said district by its receiver conveyed a portion to appellee, Smith, on September 12, 1936, and another portion to appellee, Huff, on January 6, 1937, both sales being made before the expiration of the period of redemption; and that said appellees went into immediate possession of their respective tracts and have continued in possession to this time.

We think the trial court erred as to procedure and as to conclusion reached on the question of limitations. Section 4647 of Pope's Digest provides the procedure to be pursued by a defendant in ejectment which shall be by an answer and not a motion to dismiss, as here. Exceptions to deeds and muniments of title shall be raised by answer. See *Pace* v. *Crandall,* 74 Ark. 417, 86 S. W. 812; *Wolf* v. *Phillips,* 107 Ark. 374, 155 S. W. 924.

The five-year statute of limitations as to judicial sales has no application here because appellant redeemed from the sale within two years. Thereafter appellees were in possession without any color of title based on the sale to the district, as the district's title had been extinguished. Appellees acquired only such title as the district had and it had title subject to the right of redemption by the owner, and, when redemption was effected, the judicial sale was extinguished. Appellees remained in possession by sufferance or their possession was permissive, in so far as their rights are based on this sale to the district.

Appellees attempted to plead *res judicata* in their motion to dismiss which would, under proper circum-

stances, be available by way of answer: Assuming that the question is now presented, we are of the opinion it is not well taken. The plea is based on the fact that in 1939, after it had redeemed from the sale of 1935, appellant brought an action to cancel the sales made in 1935, 1936 and 1937 on grounds other than its redemption from the 1935 sale. This action resulted in a decree holding the sale made in 1935 valid and the others invalid, which case was affirmed by this court. *Lincoln National Life Ins. Co.* v. *Wilson, Receiver, supra.* It is insisted by appellees that appellant should have set up its redemption from the 1935 sale in that action, if it wished to avail itself of this defense. We do not agree. Three sales were attacked in that suit, two of them successfully, and the plea of redemption could apply to only one of them. Further, it was stipulated in that case, in which appellees were interveners, that only the validity of the three sales would be tried in said suit, so appellant is not now barred from alleging it had redeemed from the only valid sale. It is also difficult to see what right appellees would have to enter the plea, since they have no title either by record or limitations based on said sale.

Another question is argued by appellees that the receiver of the Northern States Life Insurance Company had no power to convey land in Arkansas, a state other than that of the court appointing him. While we think the statutory receiver had the authority to convey, what was done here was that appellant reinsured the business of the Northern States Life Insurance Company and among other assets, the notes and mortgages on these and other lands in Arkansas were assigned to it by the receiver, and it foreclosed and acquired the title to said lands, which title has been recognized in all cases above mentioned and never before questioned.

The judgments are reversed and the causes remanded with leave to appellees to answer and for further proceedings not inconsistent with this opinion.